No. 14579

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

------------

GERALDINE C. STRONG,

Plaintiff and Respondent,

-vs-

STATE OF MONTANA and
STATE DEPARTMENT OF INSTITUTIONS,

Defendant and Appellant.

------------

Appeal from:  District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Garrity, Keegan & Brown, Helena, Montana
Donald Garrity argued, Helena, Montana

For Appellant:

Scribner, Huss & Mulroney, Helena, Montana
Lawrence D. Huss argued, Helena, Montana

------------

Submitted:  June 12, 1979

Decided: SEP 20 1979

Filed: SEP 20 1979

Thomas J. Kearney
Clerk

Honorable John S. Henson, District Judge, sitting in place of
Mr. Justice John C. Harrison, delivered the Opinion of the Court.

Plaintiff-respondent Geraldine C. Strong brought this
action in the District Court, Lewis and Clark County, to recover
damages for her dismissal from her job with defendant-appellant
Department of Institutions. Strong charged that her dismissal
was a direct result of her having filed a sex and age discrimin-
ation complaint against the Department before the United States
Equal Employment Opportunity Commission (EEOC). The Department
now appeals from a jury verdict and subsequent judgment in favor
of Strong.

Strong began working with the Department as a reimbursement
officer in Billings in 1967. In 1972, she was promoted and moved
to Helena to become administrator of the Department's Reimburse-
ment Division.

In the spring of 1974, the Department reorganized and the
Reimbursement Division became a bureau of the newly-created Audit-
ing and Accounting Division. Strong applied for a division level
position in both the Auditing and Accounting Division and the Re-
search and Evaluation Division. She was told that the former posi-
tion had been filled and that she did not possess the qualifications
necessary for the latter.

As a result of being denied consideration for the positions,
Strong filed the EEOC complaint in August 1974. An investigation
ensued, and during this period Strong alleges that her once-healthy
working relationship with the Department deteriorated. Strong
testified that she and her staff were subjected to five sudden
moves to various office spaces, that she was excluded from impor-
tant staff meetings which she had formerly attended regularly, that
her proposals were ignored and her budget requests denied.

The Department submitted a substantial amount of contradic-

ing testimony which indicated that Strong's performance became deficient after the filing of the complaint. The Department alleged that Strong was overspending her travel budget, that she was unable to work with her fellow employees and subordinates and that she was deliberately attempting to overspend the budget for her bureau. The Department denied that any putative or retaliatory action was ever directed to be taken against Strong, but rather that she would have been terminated regardless of her complaint to the EEOC.

Nicholas Rotering, staff counsel for the Department, represented the Department concerning the complaint and reviewed its progress. Rotering concluded after discussions with the EEOC that the complaint was invalid because of a time lapse after the initial investigation.

Strong was suspended in May, 1977, and filed this action in June, 1977. She was shortly thereafter terminated. After her discharge, Strong and the Department learned that the EEOC complaint had not lapsed, and, in fact, a partially favorable determination toward Strong had been made.

Appellant argues two issues on appeal, the first of which is as follows:

(1) Did the District Court err in admitting into evidence a copy of the EEOC determination?

Over objection, plaintiff's Exhibit 35 was admitted into evidence. The exhibit was characterized by the trial judge as "a xerox copy of the essential determination of the Equal Employment Opportunity Division of the United States Government" and stated in part:

"Determination

"Under the authority vested in me by 29 CFR 1601.
19b(d) (September 27, 1972) I issue, on behalf of the
Commission, the following determination as to the
merits of the subject charge.

"On the above findings, we find no reasonable
cause to believe that the Charging Party received
a lesser salary because of her sex.

"Based on the evidence, we find reasonable cause
to believe that the Respondent violated Title VII
of the Civil Rights Act of 1964, as amended,
by failing to promote the Charging Party because
of her sex.

"On Behalf of the Commission:  Pedro Esquivel,
District Director."

Appellant objected to the evidence because it charged that the EEOC determination was hearsay.  Rule 801, Mont.R.Evid., provides for the definition of hearsay:

"(c)  Hearsay.  Hearsay is a statement, other
than one made by the declarant while testifying at
the trial or hearing, offered in evidence to prove
the truth of the matter asserted."

The Commission Comments to Rule 801 of the Rules note under subpart (c), in part:

" . . . And third, from the phrase ' . . . offered
in evidence to prove the truth of the matter asserted,'
statements offered for purposes other than to prove
the truth of their contents are not hearsay."

We think the evidence in dispute does not conform with this requisite element of the hearsay rule; that is, the finding was not offered to prove the truth of the matter asserted.  The purpose of introducing the EEOC report was not to prove that there was probable cause to believe that the Department had discriminated against Strong on the basis of sex, but rather that the EEOC had not terminated its investigation of Strong's original complaint as believed by the Department.  It was not the finding of the EEOC that was asserted by the plaintiff, only the fact that there was a finding made subsequent to the time that the Department's in-house counsel informed the Department that the EEOC would not proceed with the complaint.  The same purpose would have existed if the EEOC ruling would have been adverse to Strong.

Appellant's position is further weakened by the fact that both appellant and respondent agreed to and signed a pretrial order

which stipulated that certain exhibits could be offered at trial without proof of foundation and subject only to objections as to relevancy or materiality. Paragraph six of the pretrial order provides as follows:

> "6. Exhibits. The following are exhibits which are to be offered at the time of trial. Each of such exhibits may be offered and received at the time of trial without further proof of foundation, and subject only to the objections as to relevancy or materiality."

The plaintiff's exhibits were attached as Appendix C and contained, as item number 35, the EEOC determination dated August 24, 1977.

Appellant now contends that the report is hearsay, but it has waived its right to enter any objections, other than as to relevancy and materiality, concerning the introduction of the EEOC findings. Rule 16, M.R.Civ.P. provides in pertinent part:

> "The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matter considered, and which limits the issues for trial to those not disposed of by admission or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." (Emphasis supplied.)

Any injustice to the Department which may have stemmed from the admission of the EEOC report was considered when the District Court judge weighed the relevancy of the evidence against its possible prejudicial effect. The judge decided that the relevance of the report outweighed its possible resultant prejudice. As an additional safeguard, a cautionary instruction was submitted to the jury in which the jury was admonished that the findings of the EEOC were "without legally binding effect" and that they simply permitted Strong to file a claim in federal court.

Further, it is unlikely that the Department could be substantially prejudiced by an exhibit which dealt with issues (sex and age discrimination) which were not placed before the trier of

fact for determination. Here, the issue is whether Strong's filing of the complaint precipitated her subsequent dismissal, and the contents of the report do not relate to these issues.

The second issue argued by appellant states:

(2) Are the verdict and the judgment supported by the evidence?

We believe they are. The Department charges that it was justified in discharging Strong because of her poor job performance, and that she cannot be insulated from a legitimate dismissal because she has filed a complaint with the EEOC.

Appellants rely on Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L ed 2d 471, in which the United States Supreme Court held that even where constitutionally protected conduct (speech) played a substantial part in a school board's decision not to rehire a teacher, the teacher is not entitled to reinstatement if the school board would have reached the same decision even in the absence of the protected conduct.

Appellant argues that the evidence is clear that Strong was properly discharged for reasons valid in themselves and unconnected with the EEOC complaint and recites a distorted fact situation relying solely on the testimony of its own witnesses to support its argument. It cannot be ignored that a large volume of testimony adverse to the appellant was also submitted to the jury. While much of the evidence is conflicting, the credibility and weight given to conflicting evidence is the province of the trier of fact and not this Court. Estate of Holm v. Parsons (1979), _____Mont._____, 588 P.2d 531, 36 St.Rep. 11.

The jury was properly instructed to find for the Department if there was sufficient and independent grounds for Strong's dismissal. If the jury believed by a preponderance of the evidence

- 6 -

that the filing of the complaint was the motivating factor for the firing, it was instructed to find for Strong. The jury apparently chose to believe the testimony of Strong and her witness; that is, the dismissal was retaliatory and not justified.

It is a well established legal principle that where fact issues are presented to a jury and there is substantial evidence to support the findings of the jury verdict, the verdict is conclusive on appeal. Johnson v. St. Patrick's Hospital (1968), 152 Mont. 300, 448 P.2d 729. This reasoning has been extended yet further in McGee v. Burlington Northern Inc. (1977), ____Mont. ____, 571 P.2d 784, 34 St.Rep. 1304, where this Court held that only when there is a complete absence of probative facts to support the verdict does error occur. In this case we see no reason to question the trial jury's decision.

The verdict and judgment of the trial court are affirmed.

_____
Hon. John S. Henson, District Judge, sitting in place of Mr. Justice John C. Harrison.

We concur:

_____
Chief Justice

_____

_____
Justices

- 7 -