No. 82-145

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

WILLIAM C. GRIFFEL,

       Plaintiff and Appellant,

  -vs-

CHESTER FAUST, BART EISELE,
et al.,

       Defendants and Respondents.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John J. Cavan; Sandall & Cavan, Billings, Montana

    For Respondents:

        Laurence R. Martin, Billings, Montana
        William S. Mather; Moulton, Bellingham, Longo
        & Mather, Billings, Montana

---

Submitted on Briefs: May 19, 1983

Decided: August 24, 1983

Filed:   AUG 24 1983

*Ethel M. Harrison*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff brought this action in the District Court of the Thirteenth Judicial District, Yellowstone County, seeking damages for personal injury and property damage. Defendants counter-claimed for property damage. After a jury trial, the jury returned a verdict in favor of defendants and awarded them $9,055.97 for property damages. Plaintiff appeals.

On December 18, 1979, defendant Rick Eisele, an employee of defendant C & B Haygrinders, was grinding hay at the Patten Davidson Feedlot, west of Park City, Montana. At approximately 6:00 p.m., Rick hooked his pickup to the haygrinder and proceeded to pull the haygrinder onto the frontage road for transport to O Bar Feeders, east of Laurel, Montana. After driving a short distance, Rick noticed the pickup lights began to dim. Rick continued on the frontage road for approximately 200 yards when the pickup lights went out completely, and the pickup engine died. Rick pulled the pickup and haygrinder to the side of the road. Rick estimated the left side of his vehicles came to a rest approximately five feet from the center line of the highway.

Rick had no flares or warning devices so he turned on four white floodlights which are attached to the rear of the haygrinder. The floodlights shine backwards from the rear of the haygrinder for night operation. Rick then left the vehicles and crossed the frontage road and Interstate 90 to find a farmhouse from where he could call for help. As Rick returned he noticed the plaintiff's truck and trailer proceeding on the frontage road toward the disabled pickup and haygrinder.

Griffel observed the floodlights approximately one-half mile from where the pickup and haygrinder were parked. Griffel thought the lights were on some kind of farm implement and because the lights were white he assumed the vehicle was coming toward him. Griffel put on his jake brake to slow his truck until the lights became so bright he was blinded. At that point,

- 2 -

Griffel set his brakes and turned sharply to the left. The right side of his truck and trailer struck the left side of the haygrinder. Both vehicles were damaged.

Griffel's vehicle came to rest in the ditch directly across from the haygrinder. Griffel sustained injuries to his ribs and his right arm. Robert Kettenring, the investigating highway patrolman, found no evidence that Griffel had been speeding prior to impact.

On September 16, 1980, Griffel filed a complaint in the District Court of the Thirteenth Judicial District, Yellowstone County, seeking damages for property damage to his truck and trailer and personal injury. Defendants counterclaimed seeking damages for property damage to the pickup and haygrinder. After a jury trial the jury returned a verdict finding defendants were 0 percent negligent and plaintiff was 100 percent negligent. The jury awarded defendants $9,055.95 for property damage to the pickup and haygrinder. Griffel appeals.

The issues raised on appeal are:

1. Whether the jury verdict is supported by substantial credible evidence; and

2. Whether the District Court erred in refusing to give plaintiff's offered instruction no. 38.

Plaintiff first contends there is not substantial evidence necessary to support the jury verdict. The jury found first, defendants were 0 percent negligent, second, plaintiff was 100 percent negligent, and third, plaintiff's negligence was the proximate cause of property damage to defendants' vehicles. We must determine whether the evidence presented at the trial is sufficient to support these findings. In considering the sufficiency of evidence, we apply a limited standard of review. Where a fact issue is presented before a court sitting with a jury, and there is substantial evidence to support the jury verdict, the verdict will stand. Solberg v. County of Yellowstone (1983), ____ Mont. ____, 659 P.2d 290, 40 St.Rep. 308. Only when

- 3 -

there is a complete absence of probative facts to support the verdict does error occur. Strong v. State (1979), ____ Mont. ____, 600 P.2d 191, 36 St.Rep. 1665.

Plaintiff argues there is not substantial evidence to support the jury's finding of no negligence on defendants' part. Plaintiff contends he proved defendants were negligent per se for their violation of sections 61-8-353, 61-9-201 and 61-9-217, MCA. This Court addressed this same issue in Gunnels v. Hoyt (1981), ____ Mont. ____, 633 P.2d 1187, 1192, 38 St.Rep. 1492, 1496, a case involving a strikingly similar fact situation. We stated:

> " In order to prove negligence per se, the plaintiff was required to prove that the defendants neglected a duty imposed upon them by statute. Williams v. Maley (1967), 150 Mont. 261, 267, 434 P.2d 398, 401; Conway v. Monidah Trust Co. (1913), 47 Mont. 269, 278, 132 P. 26, 27. In pertinent part, section 61-8-353, MCA, provides that no person shall stop or leave standing any vehicle upon the main traveled part of the highway when it is practical to stop or leave such vehicle off of such part of said highway. What is "practical" in any situation clearly depends upon all of the surrounding facts and circumstances. See Lyndes v. Scofield (1979), Mont. ____, 589 P.2d 1000, 1002, 36 St.Rep. 185, 188. Questions of fact are for the jury to resolve, and should not be taken from the jury when reasonable men might draw different conclusions from the evidence. Heen v. Tiddy (1968), 151 Mont. 265, 269, 442 P.2d 434, 436. In looking at the evidence in the light most favorable to the defendant, we find that the defendants could have stopped the Volkswagen closer to the right edge of the pavement and further off the main traveled area; but we also find that the weather conditions, the darkness, the hill, the absence of white lines, head lights and tail lights, and the use of the flashlight by the defendant to warn approaching drivers, all bear upon the question of practicality. This Court will not disturb the jury's determination if the evidence furnishes reasonable grounds for different conclusions. Payne v. Sorenson (1979), ____ Mont. ____, 599 P.2d 362, 365, 36 St.Rep. 1610, 1613. We do not find a violation of section 61-8-353, MCA, as a matter of law."

This rationale applies to all three of the alleged statutory violations. It is not the function of this Court to agree or disagree with the jury verdict. We search only for sufficient evidence and where we have such evidence in the record, our job

is complete.

This Court, in a recent opinion, Solberg v. County of Yellowstone (1983), ____ Mont. ____, 659 P.2d 290, 40 St.Rep. 305, noted that in testing the principles above set forth on the weight of the evidence including "hindsight" it may be tempting to conclude in the manner contrary to the conclusion of the jury. But, "only when there is a complete absence of probative facts to support the verdict does this occur."

Here, not only did the jury speak in the form of its verdict in favor of the defendants, but plaintiff, in moving for a new trial, asserted that the verdict of the jury as it relates to question 1 of the special verdict, finding no negligence on defendant's part, was contrary to the great weight of the evidence and to the instructions of the court. This motion was briefed and heard by Judge Speare who ruled against the plaintiffs. This Court, in Strong v. Williams (1969), 154 Mont. 65, 460 P.2d 90, held that the effect of the denial of a new trial motion is particularly apposite to this appeal. In addition, we noted in another case, Fordyce v. Hansen (1982), ____ Mont. ____, 646 P.2d 519, 39 St.Rep. 1043:

> "Once a District Court has considered and denied a motion for new trial, this Court will not lightly disturb that ruling absent evidence that it is clear, convincing and particularly free from doubt of the trial court's error. Schomyer v. Bourdeau (1966), 148 Mont. 340, at 343, 420 P.2d 316, 317-18. No such showing was made here."

Plaintiff's argument is directed at the decisions made by defendant Eisele after the vehicle he was driving left the feed lot. The evidence on the driving and the argument as to the nature of these decisions was presented to the jury by both parties. The verdict signifies that the jury concluded that the defendant made reasonable decisions under the circumstances and in light of the instructions, and that the defendant did what a reasonable and prudent person would have done under the circumstances.

Concerning the floodlights, plaintiff argues that the defen-

dant was negligent because the floodlights deceived the plaintiff into thinking there was an oncoming vehicle in the westbound lane of traffic instead of the vehicle parked in his own lane of traffic. Such testimony was contradicted by that of the deputy sheriff and highway patrol officer, both of whom reported that the plaintiff had admitted seeing the lights ahead of him approximately one-half mile away from the impact and in his own lane. The evidence allows a reasonable conclusion that the plaintiff, in spite of seeing the lights, failed to slow down and keep his vehicle under control so as to keep from striking the parked unit.

Plaintiff argues that defendant was negligent per se, as a matter of law under jury instruction 15. That instruction stated that a violation of the law is of no consequence unless it is the proximate cause of the accident. Under the special verdict, the jury concluded that the defendants were not negligent and that there was no negligence on the part of the defendants which was a proximate cause of the accident. This disposes of plaintiff's argument.

Plaintiff further argues that section 61-9-217, MCA, was violated and that plaintiff's instruction 38 which was refused, should have been given by the court. We find the instruction inapplicable. On its face the instruction refers to the duty of a driver of a motor vehicle with respect to "spot lamps" and not the type of lights which were on the vehicle here in question. The statute requires such "spot lamps" to be turned off upon approaching another vehicle from either direction. That is not the factual case here involved where the haygrinder was stationery.

Here, the jury clearly found that the defendant's conduct was not the proximate cause of the accident. Question 2 of the special verdict asked, "Was the defendant's negligence, if any, a proximate cause of the accident?" The jury answered "No." Question 5 asked, "Was the plaintiff William C. Griffel's negli-

gence, if any, a proximate cause of the alleged damages?" The jury answered "Yes." We find substantial evidence upon which the jury could have based its conclusion.

The judgment is affirmed.

John Conway Harrison
Justice

We concur:

Daniel J. Shea

Fred J. Weber

John C. Sheehy

G. C. Gulbrandson

Justices