No. 84-491

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

MARTIN J. KLEINSASSER,

        Plaintiff and Appellant,

  -vs-

SUPERIOR DERRICK SERVICE, INC.,
a Foreign corp., ROBERT BRADLEY
a/k/a BOBBY BRADLEY, and RIG
SUPPLIERS, INC.,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
             In and for the County of Yellowstone,
             The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Patten & Renz; Jeffrey T. Renz, Billings, Montana

    For Respondents:

        McNamer, Thompson & Cashmore; William R. McNamer,
        Billings, Montana
        Crowley Law Firm; L. Randall Bishop, Billings, Montana

---

Submitted on Briefs: June 7, 1985

Decided: November 5, 1985

Filed: NOV 5 1985

---
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiff appeals a judgment entered on a jury verdict for defendants in the Thirteenth Judicial District, Yellowstone County. The jury answered on a special verdict form that defendant manufacturer and its supervisory employee were not negligent and therefore not a proximate cause of plaintiff's injuries resulting from a fall while engaged in erection of an oil derrick "A-frame" designed and manufactured by defendant.

Plaintiff unsuccessfully moved for a new trial and filed this appeal on the grounds of insufficient evidence to support the jury verdict and error in refusing to give plaintiff's proposed instruction.

We affirm the judgment, holding that there was substantial evidence to support the jury verdict. We also hold that plaintiff was not prejudiced by the court instruction involving aspects of strict liability where the case was submitted to the jury on the issue of negligence alone.

Appellant raises the issues of sufficiency of the evidence to support the jury verdict and possible error in jury instructions in bringing this appeal. While appellant also raises the issue of possible abuse of discretion on the part of the trial court in refusing to allow certain testimony of his vocational expert, we need not consider this issue, which goes to damages, when there is sufficient evidence to support the jury verdict finding defendants not negligent.

Martin Kleinsasser worked as a derrick hand for Molen Drilling Company which purchased a new mast from Superior Derrick Service, Inc., for fitting to Molen's existing

substructure. Bobby Bradley, Superior Derrick's field representative from Houston, generally supervised the assembly.

On May 3, 1981, while Bradley was not present, Molen's crew prepared to raise an "A-frame" designed and manufactured by Superior Derrick, a smaller structure used to provide a point of leverage to winch the mast from the horizontal to the vertical. Superior Derrick's assembly plans called for four 3/4" by 3" bolts, but the assembly package contained 3/4" by 4" bolts. Molen's crew chose to go to nearby Rig Supply store owned by their employer's son (and once owned by Molen) and pick out the hardest 3" bolts available, instead of using the 4" bolts and washers to tighten the fit.

There is conflicting testimony about Bradley's knowledge of the substitution, but the jury chose to believe that Bradley neither knew nor authorized the use of the substituted bolts and, in fact, did not see the bolts until after the accident. He claimed that Molen's supervisor had said he was not needed and could get ready to return to Houston.

The softer, nonstructural bolts sheared or bent as the crew raised the A-frame. Kleinsasser, standing with the crew on the platform, fell fifteen feet to the ground as the A-frame fell. He broke his left wrist and left heel. When Chuck Doornek, Molen's supervisor, called Bradley at the motel to report the accident, Bradley returned to the scene. He noted that the bolts were not "our bolts" and located the bolts provided by Superior Derrick. While the body of the bolt was too long, the bolt itself was the right width. With washers, the crew put the bolts in, tightened them up, and satisfactorily hoisted the A-frame. The high-strength bolts furnished with the assembly package held.

3

Plaintiff attempted to establish at trial that Superior Derrick had provided the wrong bolts, that Superior Derrick had failed to provide a "spreader bar" (a device to spread the legs of the A-frame in raising the structure), and that Bobby Bradley had negligently supervised in allowing the crew to raise the structure with softer bolts and without his presence. Plaintiff had already settled with Rig Supply for its negligence in providing nonstructural bolts for the job.

Sufficiency of the evidence. We will not reverse a judgment based upon a jury verdict if there is substantial evidence in the record to support the jury verdict. Lackey v. Wilson (Mont. 1983), 668 P.2d 1051, 1053, 40 St.Rep. 1439, 1441. We review in the light most favorable to the prevailing party, reversing only when there is a lack of substantial evidence to support the judgment based upon the jury verdict. Gunnels v. Hoyt (Mont. 1981), 633 P.2d 1187, 1191, 39 St.Rep. 1492, 1495; Farmers Union Grain Terminal v. Montana Power Company (Mont. 1985), 700 P.2d 994, 996, 42 St.Rep. 815, 818.

The "substantial evidence" test variously expressed allows reversal only if there is a complete absence of probative facts to support the verdict (Griffel v. Faust (Mont. 1983), 668 P.2d 247, 249, 40 St.Rep. 1370, 1372), or if the evidence is so overwhelming there is no room for an honest difference of opinion on the issue of causation (Farmers Union Grain Terminal, 700 P.2d at 997), or if there is a complete absence of any credible evidence in support of the verdict (Barmeyer v. Montana Power Company (Mont. 1983), 657 P.2d 594, 597, 40 St.Rep. 23, 25). However, where there was admissible probative evidence on the absence of negligence or failure of proximate cause, the verdict for a defendant

utility was not disturbed on a sufficiency basis. <u>Barmeyer</u>, 657 P.2d at 597.

We hold that the jury had sufficient evidence to determine that the defendant manufacturer and its supervisor were not negligent. It is not our function to agree or disagree with the jury verdict in reviewing, but rather to search for sufficient evidence on the record. <u>Griffel</u>, 668 P.2d at 249. Questions of fact are for the jury to resolve and should not be taken from the jury because some evidence furnishes reasonable grounds for different conclusions. <u>Gunnels</u>, 633 P.2d at 1192.

Plaintiff should not expect this Court to retry his case because the jury chose to believe the evidence presented by defendant over that of plaintiff. The jury can choose to adopt testimony offered by one side to the exclusion of the other and is free to disregard testimony, including expert testimony. Tompkins v. Northwestern Union Trust Company of Helena, Montana (Mont. 1983), 645 P.2d 402, 408, 39 St.Rep. 845, 853. The jury had admissible probative evidence which was credible, supported the verdict, and led to their conclusion that defendants were not the cause of plaintiff's injuries.

<u>Jury instructions</u>. Appellant contends that the court erred in failing to give his offered instruction on strict liability which he drew verbatim from Restatement (Second) of Torts, § 402A (1965). Instead, the court gave defendants' offered instruction over plaintiff's objection. Appellant contends that the case presented at trial as to the manufacturer's strict liability in tort for a design, manufacturing or material defect resulting from the absence

5

of a spreader bar was not adequately covered by the instruction the court gave. The court's failure to instruct the jury on strict liability and the elements of proof, appellant claims, constituted clear error. Plaintiff's proposed instruction number 24 stated:

> You are instructed that one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if:
>
> (a) the seller is engaged in the business of selling such a product, and
>
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> This rule applies although:
>
> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>
> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

The court accepted defendant's proposed instruction number 14, and offered it as court's instruction number 16:

> One of the claims asserted by plaintiff is that the design of the oil derrick was defective either because no "spreader bar" was designed, or none was furnished with the derrick.
>
> You are instructed that defective means "unreasonably dangerous".
>
> A product is in a condition unreasonably dangerous to the user or consumer when it is dangerous to an extent beyond that which would be contemplated by the ordinary user or consumer who purchases it or uses it, with the ordinary knowledge common to the community as to the product's characteristics. A product is not unreasonably dangerous merely because it is possible to be injured while using it.

6

We have determined that it was not error to refuse a proposed instruction which merely paraphrased the Restatement (Second) of Torts when another accepted instruction reflected prior Montana law and where appellants were not prejudiced by the instruction. Goodnough v. State v. Montana (Mont. 1982), 647 P.2d 364, 367-368, 39 St.Rep. 1170, 1173-1174. Repetitious jury instructions setting forth abstract principles of law should be avoided. Swenson v. Buffalo Building Company (Mont. 1981), 635 P.2d 978, 984, 38 St.Rep. 1588, 1595.

Plaintiff's refused instruction, an abstract statement of the law, failed to give any more guidance than the court's instruction to enable a jury to find a defendant strictly liable in tort for a defective product. Counsel for plaintiff then failed to offer a special verdict form which would have allowed the jury to find liability for a product defect. He agreed to the special verdict form in settling instructions once the court added "and/or Bobby Bradley" to "defendants." Counsel made no objection to the special verdict form at trial or upon appeal.

The text of the special verdict form, because not objected to, defeats plaintiff's claim of error in refusing his offered instruction on strict liability:

> WE, the jury, present our answers to questions submitted by the Court, with at least eight (8) of our number agreeing upon each and every answer set forth below:
>
> QUESTION NO. 1: Were the defendants Superior Derrick and/or Bobby Bradley negligent? (yes or no)
>
> ANSWER NO. 1: ___No___
>
> If you have answered Question No. 1 "yes," then answer Question No. 2. If you have answered Question No. 1 "no,"

you will not consider the matter fur-
ther.  Sign the verdict and notify the
bailiff, who will return you to Court.

The jury foreperson signed the form without answering the remaining questions, none of which asked about strict liability in tort but only about negligence and proximate cause.

Plaintiff contends that the instructions given on strict liability offer an incomplete and misleading statement of the law.  Any error alleged is harmless when the plaintiff did not object to a special verdict form which required the jury to decide the case on negligence alone.  Giving a jury instruction on strict liability in tort, no matter how complete, would not have cured counsel's failure to offer a verdict form which would have allowed a jury to consider strict liability in tort.

In offering instruction number 24, counsel argued that in a products liability action counsel for plaintiff must show three things: "1) the Plaintiff was injured by the product; 2) the injury occurred because the product was defective and unreasonably dangerous; and 3) the defect existed when it left the hands of the particular Defendant." The court noted that there was a failure of proof as to these three requirements to establish a products liability claim. Counsel for plaintiff did not disagree or challenge the record in this regard.  In agreeing to the form of the verdict, counsel in requesting the amendment stated, "But my problem is that all the evidence has to do with what he [Bobby Bradley] did." Upon appeal, appellant concludes in his argument "that undisputed facts before the jury were capable of only one inference and one conclusion, . . . [i.e] that Superior and Bradley were negligent as a matter of law." We noted in discussion on substantial evidence on the record

that the jury could find substantial evidence to the contrary.

Neither instruction is easily comprehensible to the average jury member. Yet we see no prejudice to plaintiff's case by instructions given to the jury where plaintiff argued on the issue of negligence alone. Any alleged error is harmless. Where jury instructions, taken as a whole, state law applicable to the case, there is no error in giving certain individual instructions. Rock Springs Corporation v. Pierre (Mont. 1980), 615 P.2d 206, 211, 37 St.Rep. 1378, 1383. Here, the jury had the opportunity to consider the aspects of plaintiff's case from the instructions as a whole and chose, after considering all the facts, to find defendant manufacturer not negligent. There is substantial credible evidence to support that verdict.

Affirmed.

_____
Chief Justice

We Concur:

_____

_____

_____
Justices

9

Mr. Justice Frank B. Morrison, Jr. specially concurs as follows:

I concur in the result but feel that some explanation is needed with respect to what we have said about instructing on strict liability. At the outset I wish to make it clear that I concur in the result only because strict liability was not submitted to the jury on the verdict form and the plaintiff did not object. Therefore, the instructions on strict liability do not present a basis for reversal.

Instruction no. 16, quoted accurately in the majority opinion, apparently adopts the rationale found in Justice Shea's specially concurring opinion in Stenberg v. Beatrice Foods Co. (1978), 176 Mont. 123, 576 P.2d 725. Prior to this time it was thought that the requirement set forth in Restatement (Second) of Torts, § 402A (1965) governed liability. In other words plaintiff's proposed instruction no. 24 was a correct statement of the law. This required that plaintiff prove both "defective condition" and "unreasonably dangerous". The instruction given by the trial court in this case eliminated defect by simply stating that defective means "unreasonably dangerous". I agree that future strict liability instructions in Montana should eliminate defect as a necessary part of the plaintiff's proof and submit the case under the "unreasonably dangerous" standard. This is what Justice Shea advocated in his specially concurring opinion in Stenberg and I believe the rationale is sound. I do fear that there will be some confusion by what the majority has done in the instant case but it seems clear that the majority is blessing this approach.

The problem with court's instruction no. 16 is that the instruction is incomplete. The instruction does not

10

adequately submit the plaintiff's theory of strict liability to the jury because it does not do any more than define terms. Plaintiff is entitled to an instruction that states that plaintiff is entitled to recover if certain elements are proven. The instruction failed in this respect and would have constituted reversible error had strict liability been submitted to the jury. Since plaintiff acquiesced in submission of the case to the jury on a special verdict form which did not include strict liability, plaintiff can not now complain about the incomplete nature of court's instruction no. 16.

I therefore concur in the result and further wish to give my judicial stamp of approval to the majority's elimination of "defective condition" as a necessary element of plaintiff's proof in a strict liability case.

Justice

11

Mr. Justice John C. Sheehy, dissenting:

I dissent on the issue of the refusal of the District Court to give the jury instruction that was offered by the plaintiff in this case. The instruction is set out in the majority opinion, and is verbatim from section 402A (1965) of the Restatement (Second) of Torts.

The offered instruction fitted precisely the problem involved in this case. It may not be disputed that the cause of this accident was the failure of the substituted bolts used in connection with the A-frame. Here the manufacturer failed to provide properly sized bolts for that use. The packing list supplied by the manufacturer indicated that proper construction bolts, sized 3/4" diameter by 3" long were included in the shipping package. In fact the shipper had included 3/4" diameter by 4" long bolts. Such bolts could not be used without the use of washers to tighten the bolts, but there was no way for the manufacturer to give warning of this fact because the manufacturer obviously assumed that the shipping package would include the proper bolts. That proper bolts were indispensable to the operation of the A-frame in the manner that was used here is obvious, because improper bolts caused the accident.

Here the manufacturer was engaged in the business of selling a product such as the A-frame, and the manufacturer expected its product to reach the consumer without substantial change in the condition in which it was sold. By forwarding improper bolts, bolts which were indispensable to the operation of the A-frame, the manufacturer provided a defective product. The plaintiff here was entitled to a defective product instruction that related to the cause of

his injuries, the failure of the company to provide proper bolts for the operation of the A-frame.

The instruction which was given by the court was insufficient to tell the jury what its duty was with respect to the failure to provide the proper bolts. The accepted instruction related only to the failure to supply a spreader bar, which may or may not have been the duty of the manufacturer to supply.

Because the instructions were defective in this case, I would reverse and remand the matter for trial with proper instructions.

_____
Justice