No. 12440

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

CUSTER BROADCASTING CORPORATION,

Plaintiff and Appellant,

-vs-

KEVIN BREWER,

Defendant and Respondent.

---

DAVID RIVENES,

Plaintiff and Appellant,

-vs-

KEVIN BREWER,

Defendant and Respondent.

---

ELLA RIVENES,

Plaintiff and Appellant,

-vs-

KEVIN BREWER,

Defendant and Respondent.

---

Appeal from:   District Court of the Thirteenth Judicial District,
Honorable Charles Luedke, Judge Presiding.

Counsel of Record:

For Appellants:

Kenneth R. Wilson  argued, Miles City, Montana
Roland V. Colgrove, Miles City, Montana

For Respondents:

William R. McNamer argued, Billings, Montana
Charles R. Cashmore argued, Billings, Montana

---

Submitted:  November 26, 1973

Decided: JAN 24 1974

Filed:  JAN 24 1974

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiffs Custer Broadcasting Corporation, David Rivenes and Ella Rivenes appeal from a judgment for defendant Kevin Brewer, entered in the district court, Treasure County. The action was for damages arising out of a rear end automobile collision. Judgment was based on a jury verdict. Motion for new trial was denied and plaintiffs appeal.

Each plaintiff set forth a separate action for damages against defendant. On motion under Rule 42(a), M.R. Civ.P., all three cases were joined for trial.

Plaintiffs David and Ella Rivenes are husband and wife who reside in Miles City, Montana. At the time of the accident both were in their late fifties and for a number of years had worked together in various business enterprises. David was president and manager of Custer Broadcasting Corporation and owner of 35% of its stock. Ella was secretary of the corporation, but not a stockholder. They jointly owned the Eastern Montana Abstract Co. The automobile driven by David at the time of the accident was owned by Eastern Montana Abstract Co.

In January 1971, David and Ella were traveling from Miles City to Billings, Montana. The purpose of their trip was twofold (1) to send a video tape recorder by air to the factory to be repaired, (2) David was to take a plane east. Ella was to return the car to Miles City. The visibility was good, except for a skiff of snow on the highway which caused some problems when cars passed. Prior to the accident, plaintiffs had been following a semi-trailer and both vehicles were traveling between 50 and 55 miles per hour. The semi-trailer kicked up a swirl of snow behind it which obscured the view of the entire truck body. David testified he was driving with his lights on during the entire journey.

Defendant Brewer came onto the highway west of Forsyth, Montana, and was traveling to Hysham, Montana. Upon coming onto the highway, he noted the Rivenes car ahead of him and followed it for several miles at a distance of about a block. He also noted the semi-trailer ahead of the Rivenes car and that it was kicking up a swirl of snow. Brewer testified a vehicle coming from the west passed the Rivenes vehicle and his vehicle, causing the snow to swirl so that visibility was zero; that this occurred in a cut area; that he slowed down from 50 to 40 miles per hour; and, that he never saw the Rivenes car again until he hit it from the rear.

The collision threw the Rivenes car through the opposite lane of traffic and into the barrow pit where it came to rest pointed in the opposite direction than it had been traveling. Both Rivenes testified that after the accident defendant came to their car and said: "I am sorry. It was all my fault. I didn't see you." Defendant denied making that statement.

The investigation of the highway patrolman after the accident indicated there were no skid marks made by defendant's car prior to the rear end collision. The patrolman's report of the accident showed that defendant in answer to a question of how fast he was traveling at the time of the collision, stated: "My accident report shows 55."

At the close of evidence at trial, plaintiffs moved (1) for a directed verdict for all plaintiffs, (2) to strike the defense of contributory negligence, and (3) to strike as to Ella Rivenes the defense of joint enterprise or joint venture. Defendant moved to dismiss all actions. All motions were denied by the court and the case was submitted to the jury.

Considering the propriety of granting a directed verdict, this Court in Holland v. Konda, 142 Mont. 536, 541, 385 P.2d 272, stated:

> "'"No case should ever be withdrawn from the jury when reasonable men might draw different conclusions from the evidence." [Citing case]
>
> "'This rule is firmly established by other decisions of this court, and we feel that further citation on the point is unnecessary.'"

However, in cases where a driver of a vehicle is following another vehicle too closely, we follow the doctrine that the primary duty of avoiding a collision rests upon the following driver.

In Farris and Senecal v. Clark, 158 Mont. 33, 37, 487 P.2d 1307, a recent rear end collision case, this Court sustained the trial court's decision to grant summary judgment for plaintiffs. There we reviewed the fact situation not unlike the instant case, except that here it was a daytime accident and in _Farris_ it was nighttime. We noted that sections 32-2153 and 32-2160, R.C.M. 1947, were applicable.

This Court has long held that violation of a statute concerned with highway traffic is negligence as a matter of law. _Farris_ should have controlled the court's decision in considering plaintiffs' motion for a directed verdict.

In view of the fact that plaintiffs' motion for a directed verdict should have been granted, we will not list or discuss the issues raised on appeal.

The cause is remanded to the district court for trial on damages alone.

_____
John Conway Harrison
Justice.

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -