No. 83-156

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

PAUL LACKEY and PHYLLIS LACKEY,

      Plaintiffs and Appellants,

-vs-

TONI (NASH) WILSON,

      Defendant and Respondent.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

      Noel K. Larrivee, Missoula, Montana

    For Respondent:

      Richard Ranney, Williams Law Firm, Missoula, Montana

---

Submitted on Briefs:  May 19, 1983

Decided:  September 2, 1983

Filed:  SEP 2 - 1983

_____
               Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a judgment for plaintiffs in the amount of $795.00, following a special verdict of a six-person jury in the District Court of the Fourth Judicial District of Montana, finding the plaintiff, Phyllis Lackey, guilty of 50% contributory negligence. We affirm the judgment.

The sole issue presented on appeal is the sufficiency of the evidence to support the jury's finding of 50% contributory negligence on the part of Mrs. Lackey.

This action arose as a result of a collision between vehicles driven by plaintiff Phyllis Lackey and defendant Toni Nash. The accident occurred on Monday morning, July 21, 1980 on Highway 10 West approximately four miles west of Missoula at an unmarked, uncontrolled intersection. The road was straight, flat and dry. The weather was clear.

Plaintiff and defendant were traveling in opposite directions on a two-lane highway without left turn lanes. Defendant had stopped at the intersection with her left turn indicator on. A white truck was in front of plaintiff's car and across the intersection from defendant. The truck's left turn indicator signaled. Defendant waited, allowed a car to pass the white truck, then eased into the intersection. She testified that the man in the truck waved his hand indicating to her that she could proceed with her left turn. She eased out slowly, and the next thing she remembered was waking up after the collision. Defendant was cited for and plead guilty to "failing to yield when making a left turn."

Plaintiff was traveling at approximately 50 miles per hour at the time of the accident and intended to pass the white truck on the right. Plaintiff testified that the roadway was wide enough for her to pass the truck without

2

leaving the pavement. She further testified that she slowed from 55 to 45 or 50 miles per hour as she approached the intersection; that the white truck in front of her blocked her view of oncoming traffic "at one certain point;" and that she first saw defendant's car as it started to cross into her lane of traffic. Plaintiff admitted she saw defendant's left turn indicator on. The cars struck each other in plaintiff's lane of traffic.

The highway patrolman who investigated the accident could not tell which vehicle entered the intersection first. He testified that plaintiff was traveling "at about 50 miles an hour at impact." The speed limit was 55 miles per hour.

No motion for a directed verdict was made. Plaintiff allowed the question of her comparable negligence to be submitted to the jury and decided on a special verdict form. Plaintiff's post-trial motion for a new trial, on the ground of insufficiency of the evidence, was denied.

The standard for review of sufficiency of the evidence is whether there is substantial evidence to support the jury's verdict. As set forth in Gunnels v. Hoyt (1981), ____ Mont. ____, 633 P.2d 1187, 1191, 38 St.Rep. 1492, 1495, appellate review of the evidence is governed by the following well-established legal principles:

> "...In considering the sufficiency of evidence, we apply a limited standard of review. Where a fact issue is presented before a court sitting with a jury, and there is substantial evidence to support the jury verdict, the verdict will stand. Matter of Estate of Holm (1979), Mont., 588 P.2d 531, 533, 36 St.Rep. 11, 13 (and cases cited therein).

> "We review the evidence in a light most favorable to the prevailing party. We will reverse only where there is a lack of substantial evidence to support the judgment. Groundwater v. Wright (1979), Mont., 588 P.2d 1003, 1004, 36 St.Rep. 41, 42; Holm, 588 P.2d 532, 36 St.Rep. 14.

> "Evidence may be inherently weak and still be deemed substantial, and substantial evidence may

conflict with other evidence. Matter of Estate of Holm, supra.

> "If there is conflicting evidence in the record, the credibility and weight given to such conflicting evidence is the province of the jury and not this Court. Holm; In Re Carroll's Estate (1921), 59 Mont. 403, 413, 196 P. 996, 998.

> "If there is substantial evidence in the record to support the finding of the jury, then we must sustain the trial court's action in denying the plaintiff's motions for a directed verdict. Butler Manufacturing Co. v. J & L Implement Co. (1975), 167 Mont. 519, 529, 540 P.2d 962, 968."

In addition, this Court has recognized the constitutional sanctity of jury verdicts.

> "Motions to set aside jury verdicts as not supported by the evidence are proper only when there is a complete absence of any credible evidence in support of the verdict. All evidence and all inferences drawn therefrom must be considered in a light most favorable to the adverse party. The courts will exercise the greatest self-restraint in interfering with the constitutionally mandated processes of jury decision." Barmeyer v. Montana Power Co. (1983),_____ Mont. _____, 657 P.2d 594, 597, 40 St.Rep. 23, 25, citing Jacques v. Montana Nat. Guard (1982), _____ Mont. _____, 649 P.2d 1319, 1325-1326, 39 St.Rep. 1565, 1573-1574.

The jury was instructed as to both parties' obligations in left turn situations. Jury instruction No. 11 is identical to section 61-8-340, MCA, which provides:

> "The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn. The provisions of this section shall not be applicable where it is otherwise directed by appropriate signs or signals."

The jury was further instructed that all drivers must proceed:

> "...in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of

4

operation, taking into account the amount and character of traffic...and freedom of obstructions of view ahead...." Jury Instruction No. 9 (emphasis added).

Jury Instruction No. 10 defined each driver's duty to maintain a lookout for oncoming traffic:

"A motorist approaching an intersection is under a duty to be vigilant and to have his vehicle under such control as to be able to stop at the shortest possible notice. The mere fact that a motorist has the right-of-way over another at an intersection does not relieve the motorist thus favored from the duty of exercising reasonable care not to collide with other vehicles. It is especially true where the motorist's view is obstructed by a physical obstacle. The fact that a motorist has the right-of-way at an intersection does not excuse heedless or reckless conduct on his part or exempt him from the duty of keeping a lookout for motorists entering the intersection."

Plaintiff argues that defendant's failure to yield at the intersection was the sole cause of the accident. She cites Thibaudeau v. Uglum (1982), _____ Mont. _____, 653 P.2d 855, 39 St.Rep. 2096 as authority for the position that she had a right to rely on her right-of-way in the intersection. Plaintiff asserts that pleading guilty to the citation for failure to yield conclusively established defendant's culpability for the accident.

In Thibaudeau, the drivers approached an intersection from perpendicular directions. Conflicting testimony raised a factual issue for the jury to decide whether defendant entered the intersection first, according him the right-of-way, or whether the vehicles entered the intersection at approximately the same time thereby giving plaintiff the right-of-way. The evidence also raised a jury question as to whether each driver had maintained a proper lookout. We held that a directed verdict is improperly awarded where such conflicts of material fact exist.

In a special concurrence, Justice Sheehy concluded that plaintiff, as the driver on the right approaching an

5

intersection at approximately the same time as defendant approached from the left, was correct in assuming the driver to the left would respect his right-of-way. Justice Sheehy reasoned that such reliance was reasonable since:

> "Whether plaintiff first saw the defendant's vehicle when he was a car length away, 30 feet away, or 50 feet away from the other vehicle, nothing in this record shows that an observation at any of those points would have led plaintiff to believe that the right of way would not be yielded to him in time for him to avoid the collision." Thibaudeau, 656 P.2d 222-223, 39 St.Rep. 2102F.

In Thibaudeau, both parties saw the other before reaching the intersection. This case is distinguishable from Thibaudeau on the critical fact that Mrs. Lackey passed the truck in front of her, while traveling 50 miles per hour, even though the truck blocked her view of oncoming traffic and the intersection. The fact that one driver enjoys the right-of-way does not absolve that favored driver of maintaining a proper lookout for oncoming traffic.

The speed at which plaintiff entered the intersection and the fact her view was obstructed at the time constitute sufficient evidence to support the jury's finding that plaintiff was guilty of 50% contributory negligence. The district court did not abuse its discretion in denying the motion for new trial.

The judgment is affirmed.

_____
Justice

We concur:

_Frank J. Haswell_
Chief Justice


_John Conway Harrison_

_John C. Sheehy_

_Daniel J. Shea_
Justices