No. 82-342

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

EVA P. REED and EDDIE REED,

              Plaintiff and Respondent,

  -vs-

TERRY LITTLE,

              Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Eighth Judicial District,
             In and for the County of Cascade,
             The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver; Lon Holden
        argued, Great Falls, Montana

    For Respondent:

        James, Gray & McCafferty; Robert F. James argued,
        Great Falls, Montana

_____

              Submitted:  November 3, 1983

                Decided:  April 12, 1984

Filed: APR 12 1984

_____
                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is a traffic accident case in which the jury found plaintiff 90% comparatively negligent. Defendant appeals from an order of the Cascade County District Court, which concluded defendant, the following driver, was negligent as a matter of law and granted plaintiffs a new trial on the issue of damages only. We reverse the order of the court and reinstate the jury verdict.

The dispositive issue on appeal centers on the relationship between negligence per se and comparative negligence.

The accident occurred on August 29, 1979 at the intersection of First Avenue North and 26th Street in Great Falls, Montana. Both parties were traveling east in the right lane of First Avenue North, a two lane, one way street. Traffic was heavy. The weather was clear. Visibility was good. Prior to the rear-end collision, the light at the intersection was red.

Before trial, plaintiffs moved for summary judgment on the issue of liability. The District Court denied this motion on the basis that there were genuine issues of material fact to be resolved by the jury, including "the circumstances surrounding the subject accident and the negligence, if any, of the Plaintiff Eva P. Reed and the Defendant Terry Little."

Plaintiff Eva Reed testified initially that defendant's car hit her from behind as she stopped or began to stop at the intersection. She was then confronted with a statement she had given to a police investigator at the scene of the accident. At that time she said that she had stopped for the red light, started forward when traffic began moving after

the light changed, and stopped again because a car stopped in front of her. She admitted that the statement she had given to the police investigator was correct. This "second stop" version is consistent with testimony in behalf of the defendant.

Defendant Terry Little testified that after the traffic signal had turned green, he began moving slowly forward behind Mrs. Reed's automobile. He testified that she proceeded approximately one car's length and then made a sudden, unsignaled stop for no apparent reason.

Mrs. Elsie Huss, who was driving a four-wheel drive pickup, testified that she had an unobstructed view of the accident because of the height of the pickup's cab. She testified that she had stopped behind Mr. Little's car, which was five to ten feet behind Mrs. Reed's automobile. When the light turned green, plaintiff began moving, then defendant started moving. Mrs. Huss testified that Mrs. Reed's taillights came on just before defendant hit her from behind.

Both eyewitness Huss and the defendant testified that there was no apparent reason for Mrs. Reed's sudden stop. Mrs. Reed testified that she applied her brakes "very easily" because there was a car stopped a car's length in front of her. She stated that the car drove off about a second after defendant hit her car. Adult passengers in defendant's automobile and Mrs. Huss' pickup testified there was no car in front of Mrs. Reed at the time she stopped.

The substantive principles of law which govern this case are codified at sections 61-8-329(1), MCA (following-too-closely) and 61-8-303(1), MCA (the basic rule). These statutes were given as jury instructions numbers 6 and 5:

3

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Section 61-8-329(1), MCA.

"A person operating or driving a vehicle of any character on a public highway of this state shall drive it in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface, and freedom of obstruction to view ahead, and he shall drive it so as not to unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to use of the street or highway." Section 61-8-303(1), MCA.

The jury returned a special verdict finding the plaintiff, Eva P. Reed, 90% contributorily negligent, and the defendant, Terry Little, 10% contributorily negligent. Not having been instructed on the effect of comparative negligence, the jury determined plaintiff's damages to be $3,233.68, with no damages for Mr. Reed's claim for loss of consortium. Judgment was entered awarding nothing to either plaintiff and awarding defendant his costs.

After post-trial motions by the plaintiffs, the court concluded that the defendant was liable as a matter of law, issued a judgment notwithstanding the verdict, and granted plaintiffs a new trial on damages only. The order did not comment on any negligence on the part of Mrs. Reed. In setting aside the jury verdict, the court concluded that the defendant, as the following driver, was negligent as a matter of law, that his negligence was the proximate cause of plaintiffs' damages, and that the only issue to be presented on retrial was the amount of damages sustained by plaintiffs.

The relationship between negligence per se and comparative negligence is the dispositive issue. Because of our conclusion on this issue, it is not necessary to address issues regarding the motion for judgment notwithstanding the

4

verdict and the sufficiency of the court's findings of fact, conclusions of law and order entering the judgment in favor of plaintiffs and granting the new trial.

The Montana legislature adopted the comparative negligence rule in 1975. But for a comma, the original statute is identical to the current law:

> "Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering." Section 27-1-702, MCA.

The legislature did not define the effect of comparative negligence on existing areas of tort law when it enacted what is now section 27-1-702, MCA. No statute covers the interaction between a claimed violation of a traffic statute and comparative negligence.

The District Court accepted plaintiffs' contention that a statutory violation coupled with proximate causation was sufficient to constitute negligence per se, which imposed absolute liability upon the defendant violator. Plaintiffs contend that negligence per se cannot be compared to ordinary negligence and that negligence per se can only be compared where both parties are guilty of statutory violations.

Defendant agrees that proof of a statutory violation and proximate causation are sufficient to prove negligence. However, he contends that the defense of contributory negligence is still appropriate, leaving to the jury the comparison of the degree of negligence on the part of both parties.

In Lackey v. Wilson (Mont. 1983), 668 P.2d 1051, 40 St.Rep. 1439, the jury determined that plaintiff was guilty

of 50% contributory negligence. The plaintiff allowed the question of her contributory negligence to be submitted to the jury although defendant had been cited for and plead guilty to a statutory violation (failure to yield while making a left turn). The jury was instructed as to both parties' obligations in turning situations, as well as to every motorist's duty to drive carefully and maintain a proper lookout. This Court rejected plaintiff's assertion that pleading guilty to a traffic citation for a statutory violation conclusively established defendant's culpability for the accident. The evidence in Lackey raised factual issues for the jury's determination. We held that plaintiff's speed upon entering the intersection and the fact that her view was completely obstructed constituted sufficient evidence to support the jury's finding that plaintiff was 50% contributorily negligent. Lackey, 668 P.2d at 1054, 40 St.Rep. at 1443.

In Thibaudeau v. Uglum (Mont. 1982), 653 P.2d 855, 39 St.Rep. 2096, the jury found plaintiff to be 40% contributorily negligent in causing a traffic accident at an unmarked intersection. As here, the District Court denied plaintiff's motion for a directed verdict on the issue of defendant's negligence. This Court noted that the conflicting testimony raised factual issues for the jury to decide as to whether defendant entered the intersection first (according him the right-of-way) or whether the vehicles approached or entered the intersection at approximately the same time (giving plaintiff the right-of-way), and whether each driver kept the proper lookout. We held that a directed verdict may not be predicated on such conflicts of material fact. Thibaudeau, 653 P.2d at 859, 39 St.Rep. at 2102.

6

In support of its conclusion that the defendant was liable as a matter of law in this case, the District Court cited Farris v. Clark (1971), 158 Mont. 33, 487 P.2d 1307; Custer Broadcasting Corp. v. Brewer (1974), 163 Mont. 519, 518 P.2d 257; and Kudrna v. Comet Corp. (1977), 175 Mont. 29, 572 P.2d 183. All three cases involved accidents that occurred prior to July 1, 1975 and were decided under the law in existence prior to the adoption of Montana's comparative negligence statute. In these cases, no comparison between defendant's negligence as a matter of law for a statutory violation and any negligence on the plaintiff's part was allowed. However, that conclusion is no longer warranted since the adoption of the comparative negligence statute.

Under the old contributory negligence rule, a plaintiff could not recover if the plaintiff were negligent in any degree. This is no longer true. Under the comparative negligence statute, a plaintiff may recover where the jury finds both the plaintiff and defendant to have been negligent.

> "[T]he negligence of the plaintiff does not bar recovery so long as it is not greater than that of the defendant. However, his recovery is reduced by his own contributory negligence." Derenburger v. Lutey (Mont. 1983), 40 St.Rep. 902, 904-05.

A plaintiff whose negligence is partially responsible for the accident is no longer barred from recovery. Both parties may be found partially responsible for the accident. Either party's negligence may be evidenced by violation of a traffic statute.

The dissent suggests that all jurisdictions that have considered a statute similar to section 61-8-32(1), MCA, have concluded that the primary duty always rests upon the following driver. Without analyzing all jurisdictions, we note that California's following-too-closely statute is

7

identical to Montana's and California courts have held to the contrary. See Annot. to Cal. Veh. Code §21703; Leighton v. Dodge (1965), 236 Cal.App.2d 54, 45 Cal.Rptr. 820 (negligence is not necessarily established as a matter of law when one vehicle runs into the rear of another); Coppock v. Pacific Gas & Electric Co. (1934), 137 Cal.App. 80, 30 P.2d 549 (what is a reasonable and prudent distance to be maintained between vehicles is a question of fact). See also, Annot., 85 A.L.R.2d 613, 636 (1962).

We hold that the defense of contributory negligence on plaintiff's part is available to a defendant who has violated a traffic statute. It is for the factfinder to determine the comparative degree of negligence on the part of plaintiff and defendant.

On the special verdict form, the jury answered "yes" to each of the following questions:

"Question Number 1: Was [defendant] Terry Little guilty of negligence which proximately contributed to or caused the accident and injuries?

"Question Number 2: Was [plaintiff] Eva P. Reed guilty of negligence which proximately contributed to or caused the accident and injuries?"

Testimony about plaintiff's "sudden stop" in heavy traffic for no apparent reason could be considered as evidence of violation of the basic rule, which requires every driver to drive in a careful and prudent manner. Section 61-8-303(1), MCA; Jury Instruction No. 5. In a similar manner, the evidence of defendant's failure to stop in time to avoid the rear-end collision could be found by the jury to constitute following more closely than was reasonable and prudent under the circumstances. Section 61-8-329(1), MCA; Jury Instruction No. 6. The fact that both parties may well have been guilty of statutory violations is a further reason

8

for leaving the comparison of the negligence to the jury in this case.

We conclude that the jury must consider evidence of negligence from violation of a highway traffic statute, which was a proximate cause of the accident, with other evidence of negligence on the part of both parties. The jury must then weigh or compare the negligence of both parties in reaching its verdict.

We reverse the order of the District Court granting judgment to the plaintiffs notwithstanding the jury verdict and granting a new trial. On remand the original judgment is to be reinstated awarding nothing to plaintiff and costs to defendant.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice John C. Sheehy, dissenting:

I dissent.

The District Court, having heard four days of testimony, determined on motion for new trial that Terry Little was guilty of negligence which was the sole cause of the rear end collision, and ordered a new trial only on the issue of damages sustained by Eva Reed.

The majority, either sitting as a jury or relying on a jury verdict from an improperly and insufficiently instructed jury, have overruled the district judge's determination, to, in effect, reinstate the faulty verdict. The majority has failed to analyze and to apply properly the law applicable to vehicles in stop-and-go traffic, especially the duties devolving upon drivers of following vehicles in stop-and-go traffic.

The facts, taken in the light most favorable to Little, and accepted by Little in his briefs are simple:

> ". . . This is a two lane, one way street. [Eva Reed] was in the right lane. The roadway was flat and dry. Visibility was clear. [Little] and his family were proceeding in an automobile immediately behind Respondent Eva P. Reed's vehicle. The traffic light ahead of both vehicles at the intersection of First Avenue North and 20th Street turned from green to red . . .

> "[Little] testified that he approached the subject intersection and stopped a customary distance behind Respondent Eva P. Reed's vehicle because of the red light, the light changed from red to green, and he began moving forward at a slow rate of speed only after the Respondent Eva P. Reed's vehicle had begun moving forward. [Little] testified that Respondent Eva P. Reed's vehicle then came to a sudden, unexpected and unsignalled stop, for no apparent reason, after having proceeded approximately one car length, and that he did not have sufficient time or distance to be able to avoid the resulting collision with Respondent Eva P. Reed's automobile." (Emphasis added.)

- 10 -

On those facts, Little violated section 61-8-329(1), MCA:

> "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

Under that statute, where a driver of a vehicle is following another vehicle too closely, we follow the doctrine that the primary duty of avoiding a collision rests upon the following driver. Custer Broadcasting Corp. v. Brewer (1974), 163 Mont. 519, 521-22, 518 P.2d 257, 259. Every court in the country that has considered a similar statute has arrived at the same conclusion, that the primary duty rests upon the following vehicle to keep sufficient distance between the vehicles so as to be able to avoid colliding with the preceding vehicle in the event of a stop. The purpose of that section is:

> ". . . the protection of every person or vehicle which would reasonably be afforded a measure of protection by the enforcement of the terms thereof. Nothing contained in the section would indicate any intention to restrict its application. 'The purpose of statutes regulating and effecting automobile traffic on the highways is the promotion of the safety of the public.'"

Binion v. Armentrout (Mo. 1960), 333 S.W.2d 87, 90. Wyoming agrees. Zanetti Bus Lines, Inc. v. Logan (Wyo. 1965), 400 P.2d 482, 485.

Since the primary duty of avoiding the collision is on the following driver, the verdict of the jury in this case that Eva Reed was 90 percent negligent is against law. The jury in this case was not instructed that the primary duty rested on Little to avoid the collision.

Little's statement of the facts that there was an "unsignaled" stop can be disregarded. The only statutory

- 11 -

duty not to stop is contained in section 61-8-336(5), MCA, that no person shall stop suddenly without first giving an appropriate signal to the vehicle immediately in the rear "when there is opportunity to give such signal." Obviously that statute does not apply here. Moreover the brake lamp on the Reed automobile constituted a signal for a stop. Section 61-8-337, MCA, provides that any stop signal when required can be given either by means of a hand and arm signal or by a lamp. In the circumstances here, Eva Reed's brake lamp provided a legal signal of her intention to stop.

There are certain conditions of traffic when a following driver must _anticipate_ that the preceding vehicle will abruptly stop. In conditions of stop-and-go traffic on the freeway, there is a duty on the following vehicle to anticipate a stop:

> "Where there is no reason to anticipate the conduct of the preceding driver, the driver who follows may not be responsible for the collision. (Citing a case). However in the instant case, Russ rear-ended Hahn in heavy rush-hour traffic. One should expect sudden stops in heavy traffic especially when it has recently been stop-and-go. If Russ had been following at a safe distance, he should have been able to stop before he collided with Hahn's car. We can perceive of no explanation for the accident, based on a review of the evidence most favorable to Russ, which does not include negligence on his part. Accordingly, we believe that the motion for directed verdict should have been granted as to the issue of Russ' negligence." Hahn v. Russ (Alaska 1980), 611 P.2d 66, 67-68.

> And in New Mexico:

> "However, the primary duty of avoiding a collision does rest with the driver of the second car; he is negligent unless an emergency or unusual condition such as a sudden stop exists. Under certain conditions, a driver is required to foresee the likelihood of a sudden stop of a preceding car.

> ". . .

> "Whether the circumstances were such that a sudden stop or decrease in speed should have been

- 12 -

anticipated rests with the jury . . ." Murphy v. Frinkman (N.M. 1978), 589 P.2d 212, 214-15.

The jury in this case was not instructed on the duty of the following driver to anticipate a sudden stop in the circumstances that existed here.

It is not unlawful in Montana (unless the majority has now made it unlawful) for a driver at a busy intersection in Great Falls, Montana, having stopped for a red light, to drive into the intersection when the light turns green and then stop abruptly on perceived or actual danger. There is no statute in Montana that prevents such a stopping by the preceding driver. The only duty of the preceding driver is to signal if the opportunity presents, and we have demonstrated that the brake lamp in this case is a sufficient signal. The following driver at that intersection has the duty to anticipate such a sudden stop, the duty to keep a lookout for the vehicle ahead and the duty not to follow so closely that a collision will result. The primary duty, it bears repeating, to avoid the collision is on the following driver. If that is a proper view of the law, and I submit it is, then the jury verdict in this case finding Eva Reed 90 percent negligent in causing the collision is against law and this Court is ignoring the law in reinstating the jury verdict.

The majority has inaptly (one must not say ineptly) applied section 61-8-303(1), MCA, against Eva Reed in depriving her of a right to recovery here. In this case, the only driver to whom that section applies is the following driver, Terry Little. Section 61-8-303, MCA, is a speed statute. It is entitled "Speed restrictions--basic rule." It has no application to a person stopping his or her vehicle

- 13 -

on the public highway. A stopped vehicle cannot violate the basic speed rule. It does have application to a driver who does not drive "in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation . . ." The duty of Eva Reed to bring her vehicle to a stop without negligence derives from the common law, not from the basic speed rule statute. The difference in law is enormous: if the statutory basic speed rule applied to Eva Reed, she can be considered negligent as a matter of law, if she violated the statute. This is not so if her duty derives from the common law. The majority has missed this point.

If, as Little admits to be true, Eva Reed brought her vehicle to a sudden stop after proceeding one car length after the change of traffic light signal, and thereupon Little collided with the rear end of Reed's vehicle, I see no basis for any jury to find Reed negligent. The circumstances were totally in the control of Little. He did not have his car under control, he failed to anticipate a possible sudden stop in traffic conditions, he did not keep a lookout, and his rate of speed was greater than reasonable and prudent under the circumstances at the time. I therefore would hold that the District Court was correct in setting aside the jury verdict in this case and in ordering a new trial solely on the issues of Reed's damages. We should follow the example of the Washington Supreme Court in Bonica v. Gracias (Wash. 1974), 524 P.2d 232, 234, where the court said:

> "Defendant presented no evidence of plaintiff's contributory negligence except the fact that plaintiff made an abrupt stop. Defendant failed to prove that but for plaintiff's abrupt stop the collision would not have occurred. That was defendant's burden and he failed to meet it. (Citing authority.)"

- 14 -

Where contributory negligence does not exist, as here, the District Court had a duty to act as it did and to hold the following driver solely liable for Reed's damages.

_____
                Justice

I concur in the dissent of Mr. Justice Sheehy.

_____
                Justice

Mr. Justice Daniel J. Shea dissenting:

I join the dissent of Justice Sheehy. Comparative negligence was instituted to ameliorate the harshness of the doctrine of strict contributory negligence. This does not mean, however, that because a negligence concept has been changed to ameliorate its harshness, that the question of comparison must always go to the jury. There first must be negligence to compare before there is a legitimate issue of comparative negligence. Here the plaintiff stopped, had a right to stop, and had every right to assume that the following vehicle would stop before striking plaintiff's vehicle. The record shows no evidence that plaintiff was neligent and Justice Sheehy has amply set forth the law on the duties of the following driver.

I have no difficulty in holding that the following driver was negligent as a matter of law. There being no negligence on the part of the plaintiff, all the negligence can properly be attributed to the defendant who rear-ended the plaintiff's vehicle. I would affirm the trial court's order granting judgment notwithstanding the verdict and ordering a new trial on the issues of damages only.

_Daniel J Shea_
Justice

- 16 -