MR. JUSTICE SHEEHY,
dissenting:
I dissent.
The District Court, having heard four days of testimony, determined on motion for new trial that Terry Little was guilty of negligence which was the sole cause of the rear end collision, and ordered a new trial only on the issue of damages sustained by Eva Reed.
The majority, either sitting as a jury or relying on a jury verdict from an improperly and insufficiently instructed jury, have overruled the district judge’s determination, to, in effect, reinstate the faulty verdict. The majority has failed to analyze and to apply properly the law applicable to vehicles in stop-and-go traffic, especially the duties devolving upon drivers of following vehicles in stop-and-go traffic.
The facts, taken in the light most favorable to Little, and accepted by Little in his briefs are simple: “. . . This is a two lane, one way street. [Eva Reed] was in the right lane. The roadway was flat and dry. Visibility was clear. [Little] and his family were proceeding in an automobile immediately behind Respondent Eva P. Reed’s vehicle. The traffic light ahead of both vehicles at the intersection of First Ave *208 nue North and 20th Street turned from green to red . . .
“[Little] testified that he approached the subject intersection and stopped a customary distance behind Respondent Eva P. Reed’s vehicle because of the red light, the light changed from red to green, and he began moving forward at a slow rate of speed only after the Respondent Eva P. Reed’s vehicle had begun moving forward. [Little] testified that Respondent Eva P. Reed’s vehicle then came to a sudden, unexpected and unsignaled stop, for no apparent reason, after having proceeded approximately one car length, and that he did not have sufficient time or distance to be able to avoid the resulting collision with Respondent Eva P. Reed’s automobile.” (Emphasis added.)
On those facts, Little violated Section 61-8-329(1), MCA:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.”
Under that statute, where a driver of a vehicle is following another vehicle too closely, we follow the doctrine that the primary duty of avoiding a collision rests upon the following driver. Custer Broadcasting Corp. v. Brewer (1974), 163 Mont. 519, 521-22, 518 P.2d 257, 259. Every court in the country that has considered a similar statute has arrived at the same conclusion, that the primary duty rests upon the following vehicle to keep sufficient distance between the vehicles so as to be able to avoid colliding with the preceding vehicle in the event of a stop. The purpose of that section is:
“. . . the protection of every person or vehicle which would reasonably be afforded a measure of protection by the enforcement of the terms thereof. Nothing contained in the section would indicate any intention to restrict its application. ‘The purpose of statutes regulating and effecting automobile traffic on the highways is the promotion of the safety of the public.’ ”
Binion v. Armentrout (Mo. 1960), 333 S.W.2d 87, 90. Wy *209 oming agrees. Zanetti Bus Lines, Inc. v. Logan (Wyo. 1965), 400 P.2d 482, 485.
Since the primary duty of avoiding the collision is on the following driver, the verdict of the jury in this case that Eva Reed was 90 percent negligent is against law. The jury in this case was not instructed that the primary duty rested on Little to avoid the collision.
Little’s statement of the facts that there was an “unsignaled” stop can be disregarded. The only statutory duty not to stop is contained in Section 61-8-336(5), MCA, that no person shall stop suddenly without first giving an appropriate signal to the vehicle immediately in the rear “when there is opportunity to give such signal.” Obviously that statute does not apply here. Moreover the brake lamp on the Reed automobile constituted a signal for a stop. Section 61-8-337, MCA, provides that any stop signal when required can be given either by means of a hand an arm signal or by a lamp. In the circumstances here, Eva Reed’s brake lamp provided a legal signal of her intention to stop.
There are certain conditions of traffic when a following driver must anticipate that the preceding vehicle will abruptly stop. In conditions of stop-and-go traffic on the freeway, there is a duty on the following vehicle to anticipate a stop:
“Where there is no reason to anticipate the conduct of the preceding driver, the driver who follows may not be responsible for the collision. (Citing a case) However in the instant case, Russ rear-ended Hahn in heavy rush-hour traffic. One should expect sudden stops in heavy traffic especially when it has recently been stop-and-go. If Russ had been following at a safe distance, he should have been able to stop before he collided with Hahn’s car. We can perceive of no explanation for the accident, based on a review of the evidence most favorable to Russ, which does not include negligence on his part. Accordingly, we believe that the motion for directed verdict should have been granted as to the issue of *210 Russ’ negligence.” Hahn v. Russ (Alaska 1980), 611 P.2d 66, 67-68.
And in New Mexico:
“However, the primary duty of avoiding a collision does rest with the driver of the second car; he is negligent unless an emergency or unusual condition such as a sudden stop exists. Under certain conditions, a driver is required to foresee the likelihood of a sudden stop of a preceding car.
"...
“Whether the circumstances were such that a sudden stop or decrease in speed should have been anticipated rests with the jury . . .” Murphy v. Frinkman (N.M. 1978), 589 P.2d 212, 214-15.
The jury in this case was not instructed on the duty of the following driver to anticipate a sudden stop in the circumstances that existed here.
It is not unlawful in Montana (unless the majority has now made it unlawful) for a driver at a busy intersection in Great Falls, Montana, having stopped for a red light, to drive into the intersection when the light turns green and then stop abruptly on perceived or actual danger. There is no statute in Montana that prevents such a stopping by the preceding driver. The only duty of the preceding driver is to signal if the opportunity presents, and we have demonstrated that the brake lamp in this case is a sufficient signal. The following driver at that intersection has the duty to anticipate such a sudden stop, the duty to keep a lookout for the vehicle ahead and the duty not to follow so closely that a collision will result. The primary duty, it bears repeating, to avoid the collision is on the following driver. If that is a proper view of the law, and I submit it is, then the jury verdict in this case finding Eva Reed 90 percent negligent in causing the collision is against law and this Court is ignoring the law in reinstating the jury verdict.
The majority has inaptly (one must not say ineptly) applied Section 61-8-303(1), MCA, against Eva Reed in depriving her of a right to recovery here. In this case, the only *211 driver to whom that section applies is the following driver, Terry Little. Section 61-8-303, MCA, is a speed statute. It is entitled “Speed restrictions — basic rule.” It has no application to a person stopping his or her vehicle on the public highway. A stopped vehicle cannot violate the basic speed rule. It does have application to a driver who does not drive “in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation . . .” The duty of Eva Reed to bring her vehicle to a stop without negligence derives from the common law, not from the basic speed rule statute. The difference in law is enormous: if the statutory basic speed rule applied to Eva Reed, she can be considered negligent as a matter of law, if she violated the statute. This is not so if her duty derives from the common law. The majority has missed this point.
If, as Little admits to be true, Eva Reed brought her vehicle to a sudden stop after proceeding one car length after the change of traffic light signal, and thereupon Little collided with the rear end of Reed’s vehicle, I see no basis for any jury to find Reed negligent. The circumstances were totally in the control of Little. He did not have his car under control, he failed to anticipate a possible sudden stop in traffic conditions, he did not keep a lookout, and his rate of speed was greater than reasonable and prudent under the circumstances at the time. I therefore would hold that the District Court was correct in setting aside the jury verdict in this case and in ordering a new trial solely on the issues of Reed’s damages. We should follow the example of the Washington Supreme Court in Bonica v. Gracias (Wash. 1974), 524 P.2d 232, 234, where the court said:
“Defendant presented no evidence of plaintiff’s contributory negligence except the fact that plaintiff made an abrupt stop. Defendant failed to prove that but for plaintiff’s abrupt stop the collision would not have occurred. That was defendant’s burden and he failed to meet it. (Citing authority)”
*212 Where contributory negligence does not exist, as here, the District Court had a duty to act as it did and to hold the following driver solely liable for Reed’s damages.