JUSTICE HUNT, joined by JUSTICE TRIEWEILER,
concurring in part and dissenting in part.
I concur with the majority’s decision regarding Issues I, IV, V, and VI.
However, I dissent with the majority’s decision regarding Issues II, III, and VIII because I believe it disturbs the jury’s fact-finding process. This Court has continuously upheld the fundamental proposition that the jury is entrusted with the responsibility of seeking the truth. Because of our high regard for the jury deliberation process, we have established an exacting standard of review when examining a jury’s verdict.
Motions to set aside jury verdicts as not supported by the evidence are proper only when there is a complete absence of any credible evidence in support of the verdict. All evidence and all inferences drawn therefrom must be considered in a light most favorable to the adverse party. The courts will exercise the greatest self-restraint in interfering with the constitutionally mandated processes of jury decision.
Lackey v. Wilson (1983), 205 Mont. 476, 479, 668 P.2d 1051, 1053 (quoting Barmeyer v. Montana Power Co. (1983), 202 Mont. 185, 191, 657 P.2d 594, 597).
Evidence of fraud, by its very nature, will often be circumstantial. On numerous occasions, trivial, remote, and disconnected facts will be tied together by a jury to support a finding of fraud. Walker v. Mink *331 (1945), 117 Mont. 351, 158 P.2d 630. When analyzing Instruction No. 19, the court indicated that the jury could only consider whether the bank committed fraud if they first found that the parties agreed that the late payments were due by September 15. After hearing much conflicting evidence, the jury concluded that the parties agreed the payments were due on September 15. With this finding, there was an implicit agreement by the bank not to repossess the vehicle prior to the agreed date of payment. However, the bank proceeded to repossess the vehicle within only a few days of making that agreement. In addition, it would not be difficult to infer from the facts that the time and working pressures of Ms. Mosure’s job forced her to type September 1 into the bank’s computer in order to clear her responsibility for collection of the Baird’s delinquent account. It is from the facts above that I believe there was substantial evidence to support the jury’s verdict.
Therefore, I would affirm the decision of the District Court and uphold the entire jury verdict.