No. 14259

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

IN THE MATTER OF THE ESTATE
OF ANKER H. HOLM,

Deceased.

HARRY HOLM, JOE HOLM, ROBERT
E. HOLM, et al.,

Contestants and Appellants,

-vs-

HELEN C. PARSONS,

Proponent and Respondent.

---

Appeal from: District Court of the Twelfth Judicial
District, Honorable Leonard Langen,
Judge presiding.

Counsel of Record:

For Appellants:

Burns, Solem & MacKenzie, Chinook, Montana
William Solem appeared, Chinook, Montana
Morrison, Ettien and Barron, Havre, Montana
Robert Morrison argued, Havre, Montana

For Respondents:

Sias, Ranstrom & Graham, Chinook, Montana
Donald Ranstrom and Arthur Graham argued,
Chinook, Montana

---

Submitted: November 21, 1978

Decided: JAN - 3 1979

Filed: JAN - 3 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Anker H. Holm died November 15, 1976, at the age of 78 years. On November 22, 1976, respondent, a niece of decedent, offered for informal probate a will dated October 17, 1973, in which decedent left his entire estate to respondent.

Appellants, all nieces and nephews of the decedent then filed a formal petition for adjudication of intestacy, determination of heirs and appointment of personal representative. Respondent filed in response a formal petition for probate of will, determination of heirs and testacy, and appointment of personal representative. Appellants filed objections to this petition alleging decedent was incompetent to make a testamentary disposition and that decedent was under the undue influence of respondent.

The matter was tried to a jury and at the conclusion of appellants' case, the District Court, Twelfth Judicial District, directed a verdict for proponent, holding there was no undue influence. The jury returned a special verdict finding decedent of sound mind when he executed the will in question.

The evidence at trial showed that Anker Holm had little formal education and spent most of his time on a homestead north of Chinook. He had lived with his two older brothers and all three were bachelors. The older brothers conducted the business affairs of the ranch and managed the household, with the decedent taking little part in this activity. The oldest brother died in 1961.

From approximately 1969 decedent's mind appeared to be failing and he seemed frequently confused and disoriented to his neighbors. This condition was apparently exacerbated by the death of his remaining brother in September 1973.

Shortly thereafter, on September 24, 1973, decedent executed a warranty deed to the United States for nearly his entire ranch for no consideration. Decedent's niece, respondent here, petitioned for and was appointed guardian ad litem for decedent. An action was then instituted in the United States District Court for the district of Montana for the rescission of the warranty deed.

Testimony in the Federal District Court indicated decedent was suffering from an organic brain syndrome. The psychiatrist who testified gave his opinion that decedent was not competent to handle his own affairs since about 1969. The court found decedent not legally competent to execute the deed in question and ordered its rescission or in the alternative, payment of the fair market value of the land. The findings of the Federal Court were admitted into evidence in the will contest involved in this appeal.

The will which is the subject of this appeal was dated October 17, 1973. It was similar to previous wills executed individually by the Holm brothers in which they devised everything to the surviving brothers and recited testator intentionally left nothing to anyone else. In this case, decedent's will left his entire estate to respondent and made the same recitation of an intention not to leave anything to anyone else. Respondent had come to the ranch in 1971 to keep and manage the house for decedent and his older brother. Appellants had very limited contact with decedent during his lifetime.

Evidence introduced at the will contest included testimony from several psychiatrists, all of whom agreed that decedent was suffering from chronic brain syndrome (not a disease in itself, rather a collection of symptoms resulting from diseases affecting the functions of the brain).

-3-

Each of the doctors offered his opinion that decedent was not competent at the time the will was drafted. However, the two doctors who personally examined the deceased did not question him about making a will and they indicated there were degrees of impairment and incompetency due to the syndrome. Respondent testified as an adverse witness she was of the opinion, with respect to business affairs, that at the time Anker Holm made the deed to the federal government he did not have the mental capability to make "a clear and intelligent and voluntary disposition of his property".

Expert testimony was also presented at trial on behalf of respondent emphasizing decedent may have been able to comprehend the result of his actions in making the will in question and that the syndrome from which decedent suffered caused varying degrees of impairment. Lay testimony from decedent's acquaintances was introduced indicating decedent understood the nature of his land holdings, understood what he was doing in making the will and was able to recognize neighbors and carry out transactions with them.

Three issues are presented in this appeal. First, was there sufficient, substantial credible evidence to support the jury verdict that decedent was competent to make the will in question? Second, did the District Court err in admitting certain testimony objected to as without proper foundation, and if so, was the error harmless? Finally, is this an appeal without merit and thus appropriate for Rule 32, Mont.R.App.Civ.P., sanctions?

In considering the first issue, we are guided by a very basic and limited standard of review. ". . . where a fact issue or issues are presented before . . . a court sitting . . . with a jury, and there is substantial evidence

-4-

to support . . . the jury verdict, such . . . verdict [is] conclusive on appeal." Johnson v. St. Patrick's Hospital (1968), 152 Mont. 300, 448 P.2d 729, 733; Big Sky Livestock, Inc. v. Herzog (1976), ____ Mont. _____, 558 P.2d 1107, 1110, 33 St.Rep. 1232; In Re Bielenberg's Estate (1930), 86 Mont. 521, 284 P. 546, 549; Murphy v. Nett (1913), 47 Mont. 38, 130 P. 451, 456. We review the evidence in a light most favorable to the prevailing party, and we will reverse only when there is a lack of substantial evidence introduced to support the results. In Re Dillenburg's Estate (1960), 136 Mont. 542, 349 P.2d 573, 574; Big Sky Livestock, Inc. v. Herzog, supra; Johnson v. St. Patrick's Hospital, supra.

We have recently stated substantial evidence is evidence such as will convince reasonable men and about which reasonable men will agree supports the case of the prevailing party. Cameron v. Cameron (1978), ____ Mont. _____P.2d _____, 35 St.Rep. 1723, 1729 (citing cases). Furthermore, the evidence may be inherently weak and still be deemed substantial, and substantial evidence may conflict with other evidence presented. Campeau v. Lewis (1965), 144 Mont. 543, 398 P.2d 960, 962, 963; Cameron v. Cameron, supra. Reviewing the record on appeal with these guidelines in mind, we conclude there was substantial evidence to support the jury verdict and thus affirm the judgment of the District Court entered upon that verdict.

Respondent presented testimony from relatives, neighbors and acquaintances of Anker Holm and expert medical testimony. Though Anker Holm suffered from oddities of habit and eccentricities, and exhibited some symptoms of a failing mind, this evidence indicated he nevertheless knew he owned cattle and land, was able to identify the

extent and boundaries of his land, and knew he had made a will leaving his estate to the respondent, Helen Parsons. The evidence also indicated that in April 1973, Anker Holm and his surviving older brother had made reciprocal wills naming each other as beneficiary, and subsequent to the brother's death in September 1973, Anker approached his attorney and executed an identical will save for naming the respondent as beneficiary. We find this evidence to meet the requirements of substantiality and to be sufficient to support the jury verdict.

It is true there is considerable conflicting evidence in the record. However, the credibility and weight given to conflicting evidence is the province of the trier of fact and not this Court. Cameron, supra; In Re Carroll's Estate (1921), 59 Mont. 403, 196 P. 996. Having reviewed the evidence and concluded it is substantial and sufficient to support the jury verdict, our inquiry on this issue is ended.

Although the first issue presented above is dispositive of this appeal, the remaining issues deserve comment. Appellants allege error on the part of the District Court for admitting certain testimony of Grace Benbo, the secretary of Anker Holm's now deceased attorney. The testimony related to possible awareness on the part of the attorney of the existence of the deed to the federal government at the time the will in question was drafted. Appellants allege this testimony has bearing on the motives of the individuals involved in the drafting of the will. However, as respondent correctly points out, the court directed a verdict in favor of respondent on the allegation of undue influence and appellants have chosen not to appeal from that action. Testimony relating to possible motives of

-6-

individuals other than the decedent has no relevance to an appeal concerned with the sufficiency of evidence to support a jury verdict declaring the decedent competent. Therefore, the error, if it existed, would have to be deemed harmless under Rule 61, Mont.R.Civ.P.

As to the final issue, respondent has moved this Court to grant money damages pursuant to Rule 32, Mont.R.App. Civ.P. Rule 32 states this Court may, if satisfied from the record and presentation of appeal that there are no substantial or reasonable grounds for appeal, assess damages if the appeal was for reasons of delay only. The specifications of error in this appeal relate to the sufficiency of the evidence to support the jury verdict. Appellants presented a very strong case for a finding of incompetency. Respondent in her brief admits the evidence tended to support the allegations of appellants. While it is true this Court must give great deference to jury verdicts, we are also obligated to examine the evidence supporting those verdicts to test its sufficiency when asked to do so in an appeal such as this. The specifications of error raised by appellants are not groundless or unreasonable, thus Rule 32 damages are not appropriate in this appeal and respondent's motion is denied.

Judgment affirmed.

_____
/s/ John C. Sheehy
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B Daly_

_Daniel J. Shea_

_John Conway Harrison_
Justices