No. 14219

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

LYLE FRANK GROUNDWATER,

Plaintiff and Appellant,

-vs-

WILLOUGHBY R. WRIGHT et al.,

Defendants and Respondents.

_____

Appeal from: District Court of the Tenth Judicial District,
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

Donald E. Ronish, Lewistown, Montana

For Respondents:

James C. Wilkins, Jr., Lewistown, Montana

_____

Submitted on briefs: November 8, 1978

Decided: JAN 9 1979

Filed: JAN 9 1979

*Thomas J. Kearney*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from a judgment on a jury verdict in the Fergus County District Court in his condemnation action for a private road across defendants' tract to plaintiff's property. The jury found no necessity for the road. Judgment was entered in favor of defendants.

Plaintiff owns 320 acres of land in Fergus County to which there is no established access of record. South of this parcel and across defendants' property there is a county road that runs east and west. From this county road there is a trail which also crosses defendants' land. The trail runs in a northwesterly direction and is used by nearby property owners for access.

Plaintiff sought to condemn an access route from the county road to his property pursuant to sections 93-9902(6) and 93-9923, R.C.M. 1947. The proposed access would follow the northwesterly trail and then go directly west. The access would lie wholly within defendants' property. Plaintiff relies on statutes granting a right of condemnation for a private road where necessary to provide access from a highway to a residence or farm.

In the November, 1977 trial the jury found no necessity for the road. The District Court entered judgment for defendants and awarded defendants their costs. The District Court later denied plaintiff's motion to amend the judgment. On December 23 plaintiff filed his notice of appeal and on December 29 moved the District Court for a new trial. The District Court ruled that the motion was not timely and that its jurisdiction had been removed by the appeal.

In his appeal plaintiff raised these issues:

1. Is there evidence sufficient to support the verdict?

2. Did the trial court err in denying the motion to amend the judgment?

- 2 -

3. Did the trial court err in denying plaintiff's motion for a new trial on the ground it lacked jurisdiction?

Plaintiff first argues that the evidence presented does not support the jury verdict. In deciding this issue our function is to determine whether there is substantial credible evidence to support the jury verdict; to this end, we review the evidence in the light most favorable to the prevailing party in the District Court. Noll v. City of Bozeman (1977), ___Mont. ____, 564 P.2d 1296, 34 St.Rep. 457; Holenstein v. Andrews (1975), 166 Mont. 60, 530 P.2d 476.

In order to prevail, plaintiff must show that pursuant to sections 93-9902(6) and 93-9923, eminent domain was exercised in order to provide necessary access from a highway to a residence or farm. The evidence produced at trial shows that plaintiff's property is not now being farmed or used as a residence. Plaintiff testified that when he retires, he would like to build a home there and raise cattle.

This evidence does not show that the land is presently being used as a farm or residence and without such a showing the requisite necessity to condemn a road across another's land is absent.

> " . . . The question of necessity is one of fact
> to be determined as other questions of fact in
> the light of all the evidence. (Citations omitted.)
> Necessity does not mean absolute or indispensible
> necessity but reasonable, requisite, and proper
> for the accomplishment of the end in view, under
> the particular circumstances of the case.(Citations
> omitted.)" Montana Power Co. v. Bokma (1969), 153
> Mont. 390, 397, 398, 457 P.2d 769.

This test was not met. Plaintiff does not now reside on the land and his plans regarding future residence are indefinite. On the rare occasions when plaintiff visited the land, defendants did not deny him access. Under these circumstances, plaintiff has failed to establish that his proposed condemnation was necessary. The same result, on similar facts and under a similar statute, was

reached by the Idaho Supreme Court. McKenney v. Anselmo (1966), 91 Idaho 118, 416 P.2d 509.

Plaintiff's second contention is that the District Court should have amended its judgment to disallow costs to defendants. This argument is premised on plaintiff's erroneous belief that each party partially prevailed and partially lost in the action.

In arriving at this conclusion, plaintiff relies on a jury instruction which states:

> "If you find that the proposed road is necessary, you will then determine the amount of damages defendants will sustain by the opening of the westerly 1310 feet, more or less, of this road. From there on, to the county road, the same is now a public road." (Emphasis added.)

Plaintiff argues that the trial court made a conclusive finding of fact that the northwesterly trail is a public road by this instruction. He contends that this instruction became the law of the case and as such, a judgment condemning the trail was inescapable. Plaintiff claims that because the trail by this instruction was actually condemned, he prevailed in part of the action and lost in part. He argues that each party should bear its own costs under these circumstances.

We recognize that instructions to the jury are the law of the case. Johnson v. Mammoth Lode (1960), 136 Mont. 420, 348 P.2d 267; Ingman v. Hewitt (1938), 107 Mont. 267, 86 P.2d 653. While these cases stand for the proposition that the jury in reaching a verdict must follow the instructions as the law of the case, we do not find that they support plaintiff's argument here that the judgment should be amended. We are not pursuaded to hold that an instruction to the jury, such as the one here, should be considered a judgment or finding of fact. The purpose of this instruction, when read in its entirety, was to limit the jury's determination of the amount of damages awardable to defendants if plaintiff prevailed. In short, the court was informing the jury that plaintiff was not expected to compensate defendants for the taking

- 4 -

of property that already was a public road.  Defendants were the sole prevailing party here and plaintiff was not entitled to an amended judgment.

Plaintiff further maintains that defendants cannot be awarded their costs under the applicable statute, section 93-9923, R.C.M. 1947.  This section deals with opening private roads through eminent domain proceedings and provides that the expenses of the proceeding " . . . shall be paid by the person to be benefited."  Plaintiff contends that if he had prevailed, he would have to pay defendants' costs.  The issue is thus whether plaintiff who, as the losing party is not the party benefitted in this proceeding, can nevertheless be accountable for defendants' costs.

We hold that plaintiff is liable for those costs.  The general rule is that costs are only recoverable when authorized by statute.  Masonovich v. School District No. 1 (1978), ____Mont. ____, 582 P.2d 1234, 35 St.Rep. 1175 and cases cited therein.  In a proceeding such as this one, the District Court is vested with discretion in awarding costs under the general costs statutes.  Section 93-8604, R.C.M. 1947.  Art. II, Section 29, 1972 Montana Constitution allows defendants their costs as they were the private property owners who prevailed and were entitled to their necessary expenses of litigation.

The third issue raised by plaintiff involves his motion for a new trial following his filing of a notice of appeal.  The District Court denied plaintiff's motion on the ground that because of the pending appeal it lacked jurisdiction.  We agree.

Once the plaintiff filed his notice of appeal all proceedings in the District Court were stayed and its jurisdiction removed. McCormick v. McCormick (1975), 168 Mont. 136, 541 P.2d 765.

Plaintiff's motion for a new trial was further based on alleged juror misconduct which plaintiff asserts deprived him of a fair trial.  Plaintiff used juror affidavits to prove this allegation.

"Jurors will not be permitted to impeach their own verdict by affidavit subsequent to trial, except in the single case where their verdict has been reached by resort to chance; this single express exception excludes all other exceptions under the rule 'expressio unius est exclusio alterius'. Sutton v. Lowry, 39 Mont. 462, 104 P. 545; Komposh v. Powers, 75 Mont. 493, 244 P. 298, aff'd 275 U.S. 504, 48 S.Ct. 156, 72 L.Ed 396; Hough v. Shishkowsky, 99 Mont. 28, 43 P.2d 247; Schaff v. Shaules, 137 Mont. 357, 352 P.2d 265. In recent times this rule has been enlarged to permit the use of juror affidavits to prove any jury misconduct and irregularity by which a party is deprived of a fair trial, and not confined solely to that type of jury misconduct involving a verdict reached by resort to chance. Goff v. Kinzle, 148 Mont. 61, 417 P.2d 105. Thus any type of juror misconduct under subd. 2 of section 93-5603 may be proved by juror affidavit." Rasmussen v. Sibert (1969), 153 Mont. 286, 293, 294, 456 P.2d 835.

However, we cannot condone utilizing affidavits of jurors to impeach their verdict here. There was no requisite showing of juror misconduct in this case. Plaintiff's argument that the jury ignored the law in reaching their verdict is likewise without merit. The preceding conclusions are supported by the fact that the verdict reached is supported by the evidence.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 6 -