No. 82-487

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

TRICIA ANDERSON,

      Plaintiff and Appellant,

  -vs-

SCOTT JACQUETH,

      Defendant and Respondent.

---

APPEAL FROM:  District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert M. Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Douglas J. Wold; Christian, McCurdy & Wold, Polson,
Montana

    For Respondent:

        Gary Christiansen; Warden, Christiansen, Johnson &
Berg, Kalispell, Montana

---

Submitted on Briefs:  July 21, 1983

Decided:  SEP - 8 1983

Filed:  SEP 8 - 1983

*Ethel M. Harrison*

---
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a jury verdict for the defendant/respondent in a negligence action entered in the Nineteenth Judicial District, Lincoln County. The appellant brought suit for injuries sustained at a "kegger" party. Appellant claimed respondent negligently tossed a large rock that struck appellant and caused substantial head injuries. The jury returned a verdict for defendant and plaintiff appeals.

On March 21, 1980, the appellant, Tricia Anderson, attended a dinner "taco" party with some friends in Libby, Montana. Ms. Anderson, at the time, was a high school senior and had little or no drinking experience. At the party she consumed a couple of beers. She left the party with some friends and they drove around Libby. They had beer in the car and some of the occupants consumed it. Later that night they drove to a "kegger" located on the Kootenai River approximately two to three miles downstream from the Kootenai Dam. Both high school and college students attended this party to consume beer and socialize. At approximately 11:30 p.m. Ms. Anderson joined a friend, Amy (Wilson) Gilden, to go down to the river so as to relieve bladder pressures, brought on by beer consumption. The kegger site included a large fire where people stood around and a trail that descended approximately fifteen to twenty feet down to the riverbed. The river, at the time of the party, flowed low thereby leaving many rocks exposed. Both Ms. Anderson and her friend fell down as they followed the trail down to the river. Ms. Anderson testified she

cannot remember anything pertaining to the incident following that point.

The girls then walked out on the rocks of the riverbed. Ms. Gilden then heard moaning and discovered Ms. Anderson bleeding from a head injury. She testified she never saw how the injury occurred. Ms. Gilden then sought assistance for Ms. Anderson. Some males at the "kegger" carried Ms. Anderson up from the river and transported her to the hospital where she received medical attention for a fractured skull and teeth injuries in Libby.

Approximately five minutes or less before Ms. Gilden informed the parties of Ms. Anderson's condition and sought assistance, Scott Jaqueth, the respondent, admitted he threw a fifteen to twenty pound rock in the general direction of the river. He claimed he heard it crash against other rocks. He asserted that the rock traveled at an angle different from the direction of the appellant.

The next day two of Ms. Anderson's friends returned to the site of the injury. They found blood on a large cone-shaped rock. They also saw, about five feet from that rock, tracks that indicated a small rock had been rolled or kicked. At trial, appellant argued that she was hit by the rock respondent threw. Respondent countered by asserting appellant suffered her injury by falling on the rock found with blood on it.

Appellants sole issue on appeal is whether there was sufficient evidence to support the verdict?

In reviewing the sufficiency of the evidence we, "review the evidence in a light most favorable to the prevailing party. We will reverse only where there is a

lack of substantial evidence to support the verdict."
Gunnels v. Hoyt (1981), ____ Mont. ____, 633 P.2d 1187,
1191, 38 St. Rep. 1492, 1495; Groundwater v. Wright (1979),
180 Mont. 27, 588 P.2d 1003; In Matter of Estate of Holm
(1979), 179 Mont. 375, 588 P.2d 531 (*jh*).

"Evidence may be inherently weak and still be deemed
substantial, and substantial evidence may conflict with
other evidence." Gunnels v. Hoyt, supra; In Matter of
Estate of Holm, supra.

"If there is conflicting evidence in the record, the
credibility and weight given to such conflicting evidence is
the province of the jury and not this court." Gunnels v.
Hoyt, supra; Holm, supra; In Re Carrol's Estate (1921), 59
Mont. 403, 196 P. 996.

The appellant asserts the medical evidence indicates
only one cause of the injury. Dr. Rice (appellant's
attending physician) testified that appellant "was struck on
the head by a large solid object." Hospital record
introduced indicated the appellant either "fell over" or
"was struck by a very large rock." From such testimony and
evidence the jury could reasonably accept the respondent's
explanation for the injury as resulting from a fall.

Appellant questions evidence that respondent presented
in support of his theory that appellant sustained injuries
from a fall. While the evidence at the time appeared
somewhat contrary, it didn't render the respondent's
explanation impossible. In reviewing the evidence in a
light most favorable to the respondent, we find substantial
evidence for the jury to reach their verdict. Here we find
that the appellant could have fallen on the rock due to

intoxication, slippery rocks, darkness, or stumbling over a small rock. Although the respondent's hands and knees lacked bruises or grit on them, that does not render it impossible to have fallen. Clearly, appellant could have fallen with her hands in her pockets or could have been sufficiently intoxicated to impare her use of her hands in a fall.

Appellant argues that a verdict cannot be based on speculation and conjecture. Hurley v. N. P. Railroad Co. (1969), 153 Mont. 199, 455 P.2d 321. It is as much speculation and conjecture to believe the appellant's story as the respondent's story. Respondent introduced evidence that the wound contained sand and grit, blood was found on a large rock and no other rocks, a small rock near the large rock had been moved in a manner indicating it could have been tripped over. While no absolutely conclusive evidence exists to establish the exact cause of the injury, nothing in the evidence rendered either explanation impossible. This was a question of fact for the jury to decide.

> "Questions of fact are for the jury to resolve and should not be taken from the jury when reasonable men might draw different conclusions from the evidence. (citations omitted) . . . This Court will not disturb the jury's determination if the evidence furnishes reasonable grounds for different conclusions." Gunnels v. Hoyt, 633 P.2d at 1192, 38 St.Rep. at 1496, 1497.

We find substantial evidence to support the jury's verdict when the record is viewed in light most favorable to the respondent. We affirm the judgment of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices