No. 84-86

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

MOUNTAIN WEST FARM BUREAU MUTUAL
INSURANCE COMPANY, a corporation,

                          Plaintiff, Counter-defendant
                          and Respondent,

        -vs-

JOHN R. GIRTON and BARBARA GIRTON,

                          Defendants, Counter-claimants
                          and Appellants.


APPEAL FROM:  District Court of the Fifth Judicial District,
              In and for the County of Beaverhead,
              The Honorable Frank Davis, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

            Hooks & Budewitz, Townsend, Montana

        For Respondent:

            Landoe, Brown, Planalp & Lineberger; Gene I. Brown,
            Bozeman, Montana


                          Submitted on Briefs:  Jan. 18. 1985
                                      Decided:  April 11, 1985

Filed:  APR 11 1985


                    _Ethel M. Harrison_
        _____
                          Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The appellants', John R. and Barbara L. Girton's, house, insured by the respondent, Mountain West Farm Bureau Mutual Insurance Company, was damaged by a fire that had been intentionally set. The respondent sought a declaratory judgment that the appellants were responsible for the fire. The appellants counterclaimed for coverage, damages for emotional distress and punitive damages for bad faith. A jury trial ended in a verdict for the respondent and this appeal followed.

We affirm.

The appellants first contend that the evidence is not sufficient to support the jury verdict. When an issue on appeal concerns the sufficiency of the evidence to support a jury verdict review is governed by established principles. The standard for review is substantial evidence. If substantial evidence supports the case of the prevailing party the verdict will stand. The evidence will be viewed in a light most favorable to the party that prevailed at trial and, if the evidence conflicts, the credibility and weight given to the evidence is the province of the jury and not this Court. See, Lackey v. Wilson (Mont. 1983), 668 P.2d 1051, 1053, 40 St.Rep. 1439, 1440-1441; Griffel v. Faust (Mont. 1983), 668 P.2d 247, 249, 40 St.Rep. 1370, 1372-1373; Estate of Holm (1978), 179 Mont. 375, 379, 588 P.2d 531, 533-534.

In arguing to support their contention that the evidence is insufficient the appellants emphasize that they were in New Jersey at the time that the fire occurred. Presence,

however, is not a requisite element in proving responsibility. Presence is only a factor that the jury could have weighed in reaching its verdict. The appellants also stress that the actual arsonist was not discovered. The identity of the arsonist, like presence, is not a requisite element in proving responsibility. It, too, is only a factor that the jury could have weighed. The identity of the arsonist is also not required to prove an agreement or conspiracy. The jury need only find that the appellants agreed with someone that the fire would be set. The identity of that someone need not be known.

The appellants argue that they have contested each element of the evidence that could have any bearing on the jury's determination. In reviewing the record we find that the evidence is in conflict but it is within the province of the jury to determine what evidence shall prevail.

The record demonstrates that the jury verdict is supported by substantial evidence. Several months prior to the fire the appellants had moved a valuable coin collection and stamp collection, both uninsured, from the premises. The appellants had stored valuable business inventory and business equipment, both insured, in the premises. The house payments were a significant expense to the appellants. The house had been for sale at one time and did not sell. The house was heavily insured. An unusually large amount of gasoline was stored in the premises. Some of the gasoline storage containers were of a type compatible with the arson scheme. Some of the arson paraphernalia belonged to the appellants. The arson scheme fit the insurance arsonist profile and was incompatible with other arson profiles such as revenge or vandalism.

We hold the jury verdict is supported by substantial evidence.

The appellants next allege that the District Court erred in allowing a witness to testify after the close of the case in chief because the witness was not a proper rebuttal witness and the witness was not listed in the pretrial list of witnesses. Prior to the testimony, the appellants objected on the grounds of improper rebuttal and surprise. The District Court heard both parties on the matter and allowed the testimony.

The appellants had argued that the testimony was offered to rebut testimony from the respondent's case in chief and it therefore was improper rebuttal. However, the respondent argued that although the testimony did rebut testimony from its own case in chief it more critically was offered to show that they did not commit bad faith in not investigating certain clipped burglar alarm wires, evidence of which was from appellants' case in chief.

It is true that rebutting evidence is confined to that which tends to counteract new matter offered by the adverse party, Gustafson v. Northern Pacific Ry. Co. (1960), 137 Mont. 154, 164, 351 P.2d 212, 217, however, the parties are not confined to rebuttal evidence after the close of the case in chief if the court, for good reasons in the furtherance of justice, permits them to offer evidence in their original cause. Section 25-7-301(4), MCA.

We find that it was in the interests of justice to allow this testimony and, in part, it was offered to counter a new matter offered by the appellant owners. An issue in the case was whether the respondent acted in bad faith in pursuing the insurance claim. One allegation by the appellants was that

the respondent's investigation was incomplete. A factor that had a bearing on the issue was whether the respondent should have more thoroughly investigated the clipped burglar alarm wires. If it could be shown that at the time of the fire the burglar alarm system was inoperable and that the respondent knew this, the respondent's investigation could fairly be limited in that aspect.

As to the appellants' objection of surprise, we find that the appellant requested only ten minutes to prepare for the witness. The District Court granted this request. No further request for time was made. If the appellants could not prepare for the witness more time should have been requested and it is improper now to allege that inadequate time to prepare was granted.

The appellant next alleges that the evidence of statements made by one of the appellants several years prior to the fire about "torching" a building was irrelevant and prejudicial. The District Court allowed evidence in the form of witness testimony that one of the appellants had been interested in purchasing a building but the owner had wanted a high price. The witness stated that the appellant kind of laughed and said something to the effect of "why not torch it, maybe we could get a better price." The witness further testified that he took it all in jest.

The statement was made several years prior to the fire here in question, and the circumstances under which it was made demonstrate that it had little bearing on the past or present motive of the appellant. The jury was aware of the time and circumstances of the statement. They were also informed that it was taken in jest. While the testimony may be questionable, the District Court has wide discretionary

power to admit evidence.  Admitting this testimony was within the District Court's discretion.

Affirmed.

_____
                Justice

We Concur:

_____

_____

_____
                Justices


Mr. Justice John C. Sheehy, specially concurring:

I would hold that the District Court abused its discretion in admitting the "torching" statement, which I deem to be ancient.

However, the error was harmless.

_____
                Justice