No. 85-149

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

-----

WILLIAM A. KUKUCHKA,

        Plaintiff and Appellant,

   -vs-

MICHAEL W. ZIEMET, and DOES I
through V., inclusive,

        Defendant and Respondent.

-----

APPEAL FROM:  District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Kelly & Halverson, P.C.;  Sheehy, Prindle & Finn,
Patrick L. Prindle, Billings, Montana

      For Respondent:

            Crowley Law Firm; Steven Lehman, Billings, Montana

-----

Submitted on Briefs: Oct. 10, 1985

Decided: December 20, 1985

Filed: DEC 20 1985

_Edwin M. Harrison_

——————————————————————
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The appellant, William Kukuchka, brought an action in the District Court of the Sixteenth Judicial District of the State of Montana against the respondent, Michael Ziemet, for negligence in the operation of a motor vehicle. Trial by jury resulted in a finding of no negligence. A motion for a new trial was denied. This appeal followed.

We affirm.

The issue presented for review is whether the jury verdict is supported by substantial credible evidence.

At between 12:00 midnight and 12:30 a.m. on May 10, 1981, the appellant and a companion were walking in a westerly direction along First Avenue in Ingomar, Montana. They were in the right lane on the side of the road and not facing the traffic in that lane. The appellant was on the right, the companion was to his left. The respondent was driving a vehicle in the same westerly direction. The vehicle struck the appellant from behind.

First Avenue, at the point where the accident occurred, was unpaved and was without sidewalks or streetlamps. At the time of the accident, it was dark, cloudy, and damp in Ingomar.

The respondent was driving at between 5 and 15 miles per hour. Although the respondent's headlamps were on and aimed properly, he did not see the appellant or the appellant's companion until he was 5 to 10 feet from them. He then saw only "shadows." The companion jumped to the left and the appellant was struck by the center of the vehicle, fell on the hood, and rolled off. The appellant did not recall the

clothes worn but the respondent testified that the pedestrians were wearing dark clothes and his headlamps did not "illuminate" them.

The appellant's testimony placed him at the far right edge of the road. The appellant argues that in order for him to have been struck by the center of the vehicle the respondent would have to have been driving off of the road.

The first issue is whether the jury verdict is supported by substantial credible evidence. This Court will not disturb a judgment on appeal where substantial evidence to support the judgment appears on the record and this is especially true when the District Court has upheld the sufficiency of the evidence on a motion for a new trial. Keil v. Glacier Park Inc. (1980), 188 Mont. 455, 461, 614 P.2d 502, 505. The evidence will be viewed in a light most favorable to the prevailing party and, if the evidence conflicts, the credibility and weight given to the evidence is the province of the jury and not this Court. Mountain West Farm Bureau Mutual Insurance Company v. Girton (Mont. 1985), 697 P.2d 1362, 1363, 42 St.Rep. 500, 501. A verdict will be changed only when it can be shown with reasonable conviction that the jury violated the law, gave way to passion, prejudice, or partiality, made a mistake of law or fact, or acted carelessly or perversely. Dieruf v. Gollaher (1971), 156 Mont. 440, 446, 481 P.2d 322, 325. Only when there is a complete absence of probative facts does error occur. Griffel v. Faust (Mont. 1983), 668 P.2d 247, 249, 40 St.Rep. 1370, 1372. Substantial evidence is evidence such as will convince reasonable persons and on which such persons may not reasonably differ as to whether it establishes the prevailing party's case, and, if all reasonable persons must

- 2 -

conclude that the evidence does not establish such case, then there is not substantial evidence. Cameron v. Cameron (1978), 179 Mont. 219, 228, 587 P.2d 939, 944-945.

In viewing the record in a light most favorable to the prevailing party and in leaving the credibility and weight of the evidence to the jury, the record discloses probative facts that could convince reasonable persons that the respondent was not negligent. The respondent was traveling at a reasonable rate of speed. His headlamps were on and aimed properly. The appellant and his companion were walking on the road, facing away from traffic, and wearing dark clothes on a dark night. We hold that the substantial evidence test is met.

Relevant to this issue is whether there is negligence as a matter of law in this case. The appellant refers to the case Aemisegger v. Herman (Mont. 1985), 697 P.2d 925, 42 St.Rep. 420 as being comparable here and as support for negligence was a matter of law. This argument is without merit as applied to the facts in this case. In Aemisegger there was negligence as a matter of law because the person driving the vehicle struck from behind by the other vehicle was lawfully on the road, properly stopped, did nothing to cause, and could do nothing that would have avoided the accident. There was no question of comparative negligence in Aemisegger. Here, however, the appellant was walking in the road, facing away from traffic, and wearing dark clothes on a dark night. A question of comparative negligence exists. It would be error to find negligence as a matter of law in this case as the degree of negligence is a question of fact for the jury. See, Reid v. Little (Mont. 1984), 680 P.2d 937, 940, 41 St.Rep. 644, 648.

- 3 -

Affirmed.

_William E. Hunt_
Justice

We Concur:

_John Conway Harrison_

_[signature]_

_L. C. Gulbrandson_
Justices

– 4 –

Mr. Justice Frank B. Morrison, Jr. concurs as follows:

I concur in the result for the reason that the plaintiff did not move for a directed verdict on liability nor did the plaintiff request the court to instruct the jury that the defendant was negligent as a matter of law. I feel that under the evidence in this case, and under the applicable law, the defendant was negligent as a matter of law but I feel that I have no choice, given the state of this record, but to vote for an affirmance.

Justice