No. 87-345

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

LESLIE G. WHEELER and WILDA J.
WHEELER, husband and wife,

      Plaintiffs and Appellants,

   -vs-

CITY OF BOZEMAN, a Municipal
corporation,

      Defendant and Respondent.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lyman H. Bennett, III, Bozeman, Montana

    For Respondent:

        Bruce Becker, City Attorney, Bozeman, Montana
        H. William Coder, Great Falls, Montana

---

Submitted on Briefs: May 12, 1988

Decided: June 28, 1988

Filed:

*Ethel M. Harrison*

            Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Plaintiffs Leslie G. Wheeler and Wilda I. Wheeler, husband and wife, appeal the order of the District Court of the Eighteenth Judicial District, Gallatin County, denying plaintiffs' motion for a new trial. We affirm.

The issues raised on appeal are:

1. Whether the District Court erred by refusing to grant plaintiffs' proposed instruction no. 15, instructing the jury that a municipality has a duty to keep its sewers in repair?

2. Whether the District Court erred by refusing to grant a new trial on the basis that no substantial evidence existed to support the verdict?

Leslie and Wilda Wheeler operate a physical fitness and health center out of their residence in Bozeman. Leslie Wheeler initiated this business as a result of his interest in physical fitness. The business had its beginning in the Wheelers' garage, but by 1981 the Wheelers decided to expand their existing facilities.

The first expansion of the facilities occurred during the early part of 1982 and the second expansion was completed in early 1983, when the Wheelers built a 15 foot addition to their residence with an 8 foot basement. This newly built basement contained a hot tub which protruded 2 to 2½ feet below the basement floor. In both instances, the City of Bozeman issued building permits to the Wheelers for the construction.

Beginning in 1983, the Wheelers began experiencing water flooding into their new basement. The Wheelers experienced nine floods between June 19, 1983 and May 31, 1986. In an attempt to solve the problems resulting from the floodings,

the Wheelers installed a sump pump in their basement, two drain ditches, and a sump tank.

The Wheelers informed the City of Bozeman about the floodings and the City of Bozeman responded by cleaning out the silt and roots from the storm sewer drain located directly south of the newly built basement. Nonetheless, the floodings continued. The Wheelers brought this action in front of a jury in the Eighteenth Judicial District Court, Gallatin County, arguing that the City of Bozeman was negligent in designing, installing, and maintaining the storm sewer system located near the Wheelers' residence. After a three day trial, the jury found the City of Bozeman not negligent in designing, installing and maintaining the storm sewer. The Wheelers' appealed.

The first issue the Wheelers raise on appeal is whether the District Court erred by refusing to grant plaintiffs' proposed instruction no. 15? This instruction states that:

> You are instructed that the duty of a municipality to keep its sewers in repair involves the exercise of a reasonable degree of watchfulness in ascertaining their condition from time to time, preventing them from becoming dilapidated or obstructed. Where the obstruction or dilapidation is an ordinary result of the use of the sewer, which ought to be anticipated and could be guarded against by occasional examination and cleaning, the omission to make such examination and keep the sewers clear is a neglected duty which renders the municipality liable.

The District Court refused this instruction as well as defendant's proposed instructions no. 21 and 24 which states as follows:

### Defendant's Proposed Instruction No. 21

> The duty of Bozeman to inspect, repair and maintain its storm drain system is a duty of ordinary care, and it is not required to dig up its storm drain system to conduct such inspection and maintenance.

## Defendant's Proposed Instruction No. 24

The City of Bozeman is not liable for stoppages of its storm drains which are caused by objects or materials thrown into the system by others.

In refusing plaintiffs' proposed instruction no. 15 and defendant's proposed instructions no. 21 and 24, the District Court noted that the case was already being given to the jury on the basis of negligence, contributory negligence, and nuisance. The instructions given regarding negligence and contributory negligence were as follows:

### Instruction No. 10

Every person is responsible for injury to the person or property of another caused by want of ordinary care or skill. When used in these instructions, negligence means want of such ordinary care or skill. Such want of ordinary care or skill exists when there is a failure to do that which a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under the existing circumstances would not have done.

### Instruction No. 11

Contributory negligence is negligence on the part of a claimant which contributed as a proximate cause to his injury.

### Instruction No. 12

A proximate cause of an injury is that cause which in a natural and continuous sequence, unbroken by any new and independent cause, produces the injury, and without which it would not have occurred.

### Instruction No. 13

Every person who suffers a detriment from the unlawful act or omission of a municipal corporation may recover from the municipal corporation a compensation therefore in money which is called damages. In this case, detriment is the loss or harm suffered. The measure of damages is the

- 4 -

amount which will compensate for all the detriment proximately caused thereby herein defined, whether it could have been anticipated or not.

Refusing an instruction which has been adequately covered by other instructions is not reversible error. Burns v. U & R Express (Mont. 1981), 624 P.2d 487, 489, 38 St.Rep. 302, 304-05; Holland v. Konda (1963), 142 Mont. 536, 545, 385 P.2d 272, 277. In the present case, the instructions as a whole adequately informed the jury on the issues of negligence, including the duty of the City of Bozeman, proximate cause and damages. Therefore, the District Court's refusal to give plaintiffs' proposed instruction no. 15 is not reversible error.

The second issue the Wheelers' raise on appeal is whether the District Court erred by refusing to grant a new trial on the basis that no substantial evidence existed to support the verdict? The law is well settled in this area. When determining whether substantial evidence exists to support the verdict, this Court must review the evidence in a light most favorable to the prevailing party. Kukuchka v. Ziemet (Mont. 1985), 710 P.2d 1361, 1363, 42 St.Rep. 1916, 1917; Anderson v. Jacqueth (1983), 205 Mont. 493, 495, 668 P.2d 1063, 1064; Gunnels v. Hoyt (Mont. 1981), 633 P.2d 1187, 1191, 38 St.Rep. 1492, 1495; Groundwater v. Wright (1979), 180 Mont. 27, 29, 588 P.2d 1003, 1004. The evidence may be inherently weak and still be considered substantial. Local Union No. 400 of Intern. Union v. Bosh (Mont. 1986), 715 P.2d 36, 42, 43 St.Rep. 388, 394; Anderson, 205 Mont. at 495, 668 P.2d at 1064; Gunnels, 633 P.2d at 1191, 38 St.Rep. at 1495; In the Matter of the Estate of Holm (1979), 179 Mont. 375, 379, 588 P.2d 531, 534. Further, when conflicting evidence exist, the credibility and weight given to the conflicting evidence is within the jury's province. Mountain West Farm

Mutual Insurance Co. v. Girton (Mont. 1985), 697 P.2d 1362, 1363, 42 St.Rep. 500, 501; Kukuchka, 710 P.2d at 1363, 42 St.Rep. at 1917; Gee v. Egbert (Mont. 1984), 679 P.2d 1194, 1203, 41 St.Rep. 515, 525.

The Wheelers contend that substantial evidence does not exist to support the jury's verdict, arguing that their expert witness testified 'conclusively' that the water entering the Wheelers' basement came from the City of Bozeman's storm sewer system and that the City of Bozeman could not produce any evidence indicating 'conclusively' the source of the water. We disagree.

The jury had an opportunity to hear testimony concerning the source of the water from two expert witnesses. The Wheelers' expert witness testified that the source of the water resulted from the City of Bozeman's negligence. On the other hand, the City of Bozeman offered contrary evidence through another expert witness stating that the water in the Wheelers' basement may have resulted from the naturally high ground water in the area in combination with the Wheelers' basement and hot tub protruding more than 10 feet below the surface. The jury, after hearing the conflicting evidence, determined that the water in the Wheelers' basement was not a result of the City of Bozeman's negligence. The credibility and weight given to the testimony of each of these expert witnesses is within the province of the jury, not this Court. We will not second guess the jury when, as in this case, substantial evidence exist to support the jury's verdict.

Affirmed.

_William E. Hunt_
Justice

We Concur:

*J. A. Turnage*
_____
Chief Justice

*John Conway Harrison*
_____

*R. C. McDonough*
_____

*John C. Sheehy*
_____
Justices