No. 87-499

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

DONALD AND LOIS STOUT, husband
and wife, and MAX AND MARIE
McGRANN, husband and wife,

        Plaintiffs and Respondents,

   -vs-

THE MONTANA POWER COMPANY,
a Montana corporation,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Tenth Judicial District,
              In and for the County of Fergus,
              The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Patrick T. Fleming, Butte, Montana

    For Respondent:

        R. Keith Strong; Church, Harris, Johnson & Williams,
        Great Falls, Montana
        John R. Christensen, Stanford, Montana

---

Submitted on Briefs:  July 21, 1988

Decided: October 17, 1988

FILED

'88 OCT 17 AM 9 47

CLERK
MONTANA SUPREME COURT

Filed:

_Ethel M. Harrison_

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The Montana Power Company, defendant, appeals the jury verdict and decision of the District Court of the Tenth Judicial District, Fergus County, denying defendant's motions for a directed verdict and for a judgment notwithstanding the jury verdict. We affirm.

Montana Power Company raises the following three issues on appeal:

1. Whether the District Court erred by denying defendant's motion for a directed verdict after the close of plaintiffs' cases.

2. Whether substantial evidence exists to support the jury verdict, finding defendant negligent in constructing, maintaining and inspecting the power equipment and service lines connected to Stouts' building.

3. Whether the District Court erred by denying defendant's motion for judgment notwithstanding the jury verdict.

Donald and Lois Stout owned a building in Coffee Creek, Montana. They leased part of the building to Max and Marie McGrann, who used a portion of the building as a residence and another portion to operate their meat cutting business. Stouts reserved a portion of the building to use as a storage facility and post office. Montana Power Company owned the power equipment and service lines that delivered electricity to Stouts' building.

On April 2, 1985, a fire completely destroyed Stouts' building and its contents. Stouts filed a lawsuit on June 4, 1985 in the District Court of the Tenth Judicial District, Fergus County, alleging that defendant failed to perform

properly its duty of inspecting and maintaining its power equipment and service lines connected to their building in Coffee Creek and that the failure proximately caused the fire that destroyed their building, causing them financial loss. Shortly thereafter, McGranns filed a similar lawsuit in the same action. The District Court consolidated Stouts' and McGranns' lawsuits for trial.

The parties tried the lawsuits before a jury beginning September 28, 1987 and continuing through October 1, 1987, at which time Stouts and McGranns rested. Defendant moved for a motion for a directed verdict as to its alleged negligence. The District Court found that sufficient facts existed to permit the cases to go to the jury and denied the motion. Defendant rested without presenting any additional evidence.

The jury returned a verdict on October 1, 1987 finding defendant negligent in constructing, maintaining and inspecting the power equipment and service lines connected to Stouts' building. On October 8, 1987, defendant moved for a judgment in its favor notwithstanding the verdict. The District Court denied the motion and defendant then appealed to this Court.

The first issue presented to this Court is whether the District Court erred by denying defendant's motion for a directed verdict after the close of plaintiffs' cases.

The District Court, as well as this Court, must view a motion for a directed verdict in a light most favorable to the nonmoving party. Britton v. Farmers Insurance Group (Mont. 1986), 721 P.2d 303, 317, 43 St.Rep. 641, 656; Jacques v. Montana Nat'l Guard (1982), 199 Mont. 493, 504, 649 P.2d 1319, 1325; Weber v. Blue Cross of Montana (1982), 196 Mont. 454, 462, 643 P.2d 198, 202. The motion is properly granted only if no evidence exists that would warrant submission to the jury. A directed verdict is not proper, therefore, when

the inferences and conclusions drawn from the evidence presented could differ among reasonable people. Britton, 721 P.2d at 317, 43 St.Rep. at 656; Jacques, 199 Mont. at 504-05, 649 P.2d at 1325; Weber, 196 Mont. at 462-63, 643 P.2d at 202. The District Court found that sufficient evidence existed that was within the province of the jury. We agree.

At the trial level, the primary issue presented was whether defendant was negligent in maintaining and inspecting the power equipment and service lines connected to Stouts' building. In denying the motion for a directed verdict, the District Court relied on Professor Bernstein's expert opinion as to the cause of the fire; Marie McGrann's testimony that on the day of the fire she saw a loose wire; and photographs of other service lines in the Coffee Creek area that are maintained by defendant. As the District Court properly noted, a jury was impaneled and when geniune questions of facts exist it is the jury's function to determine the facts. In this case, the jury was the proper body to determine the weight of Professor Bernstein's expert opinion; Marie McGrann's testimony; and the photographs of other service lines in the Coffee Creek area that appeared poorly maintained. The inferences and conclusions drawn from this evidence could differ among reasonable people, as evident by the jury's inferences and conclusions, which resulted in a verdict for Stouts and McGranns, versus defendant's assertion that no evidence whatsoever exists that would establish negligence on their part.

When requested to direct a verdict, a court must exercise the "greatest self-restraint in interfering with the constitutionally mandated processes of jury decision. The message is to do so only in the clearest of cases. . . ." Jacques, 199 Mont. at 504, 649 P.2d at 1325 (quoting Karczewski v. Ford Motor Co. (N.D. Ind. 1974), 382 F.Supp.

1346, 1348, aff'd, 515 F.2d 511 (7th Cir. 1975)). After viewing the motion in a light most favorable to Stouts and McGranns, we affirm the District Court's finding that sufficient evidence existed to deny defendant's motion for a directed verdict after the close of plaintiffs' cases.

The second issue raised on appeal is whether substantial evidence exists to support the jury verdict finding defendant negligent in constructing, maintaining and inspecting the power equipment and service lines connected to Stouts' building.

When presented with this issue, the law requires this Court to review the evidence in a light most favorable to the prevailing party. Wheeler v. City of Bozeman (Mont. 1988), 757 P.2d 345, 347, 45 St.Rep. 1173, 1176; Kukuchka v. Ziemet (Mont. 1985), 710 P.2d 1361, 1363, 42 St.Rep. 1916, 1917; Gunnels v. Hoyt (Mont. 1981), 633 P.2d 1187, 1191, 38 St.Rep. 1492, 1495. The evidence may be inherently weak and still be considered substantial. Wheeler, 757 P.2d at 347, 45 St.Rep. at 1176; Gunnels, 633 P.2d at 1191, 38 St.Rep. at 1495.

The record shows that Max and Marie McGrann testified that just prior to the fire their lights were flickering and their radio was making static. Lois Stout also testified that the lights were flickering just before the fire started. Marlin Jegtvig, who hauls away meat by-products from McGranns' business once a week testified that on the day of the fire he made his routine stop at McGranns' and witnessed arcing, a sustained luminous discharge of electricity across a gap, within the joints of the tin siding of the building. He informed Max and Marie McGrann, who both testified that they also observed the arcing. Marie McGrann then testified that she promptly called Montana Power Company so as to have the power turned off and that she had also noticed a loose swinging wire when she observed the arcing. Ron Brinkman, a

- 5 -

member of the Coffee Creek Volunteer Fire Department, testified that he also observed a loose wire on the top roof knob, after Dick Ronish, another person at the scene of the fire, pointed it out to him.

The record also shows that Theodore Bernstein, a professor of electrical and computer engineering and who is frequently called to assess the cause of a fire, testified that after reading statements and depositions from people at the fire, studying photographs of Montana Power Company's service lines in the Coffee Creek area shortly after the fire, photographs of the equipment that was removed from the fire, and photographs of the fire scene, that in his expert opinion the fire began when the upper roof knob pulled loose from the building and swung into the tin siding. He further testified that every time the roof knob would hit the tin siding the electricity would go from the pole to the siding via the wire and roof knob, and then to the ground. He testified that the temperature of the arcs range from two to four thousand degrees, or even higher. The fire ignited, in his opinion, when the electricity would cross over flammable materials in the building, such as wooden slats or beams.

Defendant argues that Professor Bernstein's opinion regarding the cause of the fire was wrong because his opinion was based on a roof knob coming loose, and Ronald Brinkman, a volunteer fireman at the scene of the fire, testified that he did not see any loose roof knobs. Professor Bernstein also testified, however, that a roof knob from Stouts' building had signs of arcing, which would only occur if the knob had swung loose and hit the tin siding. When conflicting evidence exist, the credibility and weight given to the conflicting evidence is within the jury's province. Wheeler, 757 P.2d at 347, 45 St.Rep. at 1176; Mountain West Farm Bureau Mutual Insurance Co. v. Girton (Mont. 1985), 697 P.2d

1362, 1363, 42 St.Rep. 500, 501. This Court will not reweigh conflicting evidence on appeal. We therefore hold that substantial evidence existed to support the jury verdict.

The last issue raised on appeal is whether the District Court erred by denying defendant's motion for judgment notwithstanding the jury verdict.

This motion, like a motion for a directed verdict, is properly granted only when no evidence exists to support a jury verdict. Wilkerson v. School Dist. No. 15, Glacier Cty. (Mont. 1985), 700 P.2d 617, 622, 42 St.Rep. 745, 750-51. Gunlock v. Western Equipment Co. (Mont. 1985), 710 P.2d 714, 716, 42 St.Rep. 1882, 1884-85. In light of our previous discussion, we hold that the District Court properly denied defendant's motion for a judgment notwithstanding the verdict.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices