No. 88-138

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

RONALD R. STEWART and LYDIA M. STEWART,

        Plaintiffs and Appellants,

-vs-

BILL FISHER,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Roger M. Sullivan argued; McGarvey, Heberling, Sullivan
and McGarvey, Kalispell, Montana

    For Respondent:

        I. James Heckathorn argued; Murphy, Robinson, Heckathorn
and Phillips, Kalispell, Montana

Submitted: October 12, 1988

Decided: January 25, 1989

Filed:

FILED '89 JAN 25 AM 10 05
ED SMITH, CLERK
MONTANA SUPREME COURT

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The mobile home owned by Stewarts, the plaintiffs, fell off its foundation blocks approximately one week after Fisher, the defendant, had set up the mobile home in a new location. The jury empaneled in the District Court of the Eleventh Judicial District, Flathead County, returned a verdict on November 25, 1987, finding in favor of Fisher. The District Court denied Stewarts' motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Stewarts appeal. We affirm the District Court.

The issues raised on appeal are:

(1) Whether the District Court improperly failed to instruct the jury on the legal standards associated with an "act of nature" defense.

(2) Whether the District Court improperly failed to instruct the jury that more than one factor may cause an injury and that the defendant may not avoid liability by claiming that some other factor helped cause the injury.

(3) Whether the plaintiffs were entitled, as a matter of law, to judgment on the issue of defendant's liability for negligence, and whether substantial credible evidence supports the jury verdict.

(4) Whether the District Court erred in not granting the plaintiffs' motion in limine which sought to preclude the defendant's mention at trial of a collateral source of insurance.

In mid-March of 1985, Lydia Stewart decided to relocate her mobile home. She contacted Bill Fisher, a professional contractor who sets up and services these types of dwellings. Fisher agreed to do the work, which included leveling, blocking, and skirting the mobile home at its new location.

2

On March 30, 1985, Fisher transported the Stewarts' mobile home to its new location. Before setting the home up, Fisher had Lydia Stewart ask the manager of the mobile home park to plow the lot because a layer of snow and ice was in the area where the mobile home was to be placed. After the area was plowed, Fisher testified that among the mixed dirt and gravel, ice spots existed. Nonetheless, Fisher proceeded to setup the mobile home on the new location. Fisher testified that he used one more set of blocks than usual because the lot sloped and a waterbed was to be placed in the back of the home.

Fisher and his employee worked on blocking and leveling until 5:00 p.m. on March 30, 1985. An understanding existed between Lydia Stewart and Fisher that Fisher would return to re-level the home and put the skirting up, however, the testimony differs as to whether Fisher would return on his own or whether he would return when Lydia Stewart called him to inform him that the snow and ice was gone from the yard.

Eight days later, on April 7, 1985, at approximately 11:30 p.m., the Stewarts' mobile home fell off its foundation blocks. The mobile home itself sustained major damage and was later sold to a local wrecking yard for salvage value. Likewise, a large amount of the Stewarts' personal property inside the mobile home suffered either serious damage or was destroyed. In addition, following the accident, Lydia Stewart, who was alone inside the mobile home when it fell, began to suffer from a psychological disorder requiring psychiatric treatment and multiple hospitalizations.

The first issue raised on appeal is whether the District Court improperly failed to instruct the jury on the legal standards associated with an "act of nature" defense.

At trial, Stewarts asserted that Fisher was negligent in his duty of setting up their mobile home. The issue to be determined in such an action is "whether a reasonably prudent

3

and skillful contractor would have acted as defendant did." Bush v. Albert D. Wardell Contractor, Inc. (1974), 165 Mont. 312, 317, 528 P.2d 215, 217-18. The burden of proving that a defendant breached his duty by not exercising reasonable care is on the plaintiffs. See, e.g., State ex rel. Burlington Northern, Inc. v. District Court of First Judicial Dist. (1972), 159 Mont. 295, 301, 496 P.2d 1152, 1155-56.

Stewarts then argue on appeal that Fisher, instead of simply denying negligence, relied upon an "act of nature" defense when asserting that he was not liable for their mobile home falling off its foundation blocks. In particular, Stewarts point towards Fisher's testimony where he stated, for example, that "unstable ground" was the cause of the mobile home falling from its foundation blocks. The Stewarts therefore contend that the District Court erred by not instructing the jury on the legal standards that a defendant must meet before asserting this defense. We disagree. The case before the jury was simply whether Fisher acted as a reasonably prudent and skillful contractor when setting up the Stewarts' mobile home under the winter weather conditions. Merely because ice was present when Fisher set up the mobile home, does not necessarily mean that an "act of nature" or "act of God" defense is being raised. We conclude that Fisher did not raise such a defense nor do the facts warrant the use of it. We hold that in the present case, the District Court did not err by refusing to instruct the jury on the legal standards associated with an "act of nature" defense.

The second issue raised on appeal is whether the District Court improperly failed to instruct the jury that more than one factor may cause an injury and that the defendant may not avoid liability by claiming that some other factor helped cause the injury.

4

Stewarts argue that if the damage to their mobile home was the result of two concurring causes, one being the negligence of the defendant and the other being an act of nature, then the District Court committed reversible error by not instructing the jury on multiple factor causation. In light of our holding that an act of nature defense is not applicable in this case we hold that the District Court did not err when it refused Stewarts' proposed instruction on multiple factor causation.

The third issue raised on appeal is whether the plaintiffs were entitled, as a matter of law, to judgment on the issue of defendant's liability for negligence, and whether substantial credible evidence supports the jury verdict.

When substantial evidence exists to support the jury verdict, then this Court will sustain the District Court's action denying a motion for directed verdict. Gunnels v. Hoyt (Mont. 1981), 633 P.2d 1187, 1191, 38 St.Rep. 1492, 1495. When determining whether substantial evidence exists to support the verdict, this Court reviews the evidence in a light most favorable to the prevailing party. Wheeler v. City of Bozeman (Mont. 1988), 757 P.2d 345, 347, 45 St.Rep. 1173, 1176. The evidence may be inherently weak and still be considered substantial. Wheeler, 757 P.2d at 347, 45 St.Rep. at 1176, Local Union No. 400 of Intern. Union v. Bosh (Mont. 1986), 715 P.2d 36, 42, 43 St.Rep. 388, 394. In addition, when conflicting evidence exists, the credibility and weight given to the conflicting evidence is within the province of the jury. Wheeler, 757 P.2d at 347, 45 St.Rep. at 1176.

In the present case, the jury had to determine whether a defendant acted as a reasonably prudent and skillful contractor. The jury had available to it all the evidence presented at trial, including the testimony of three professionals regarding the proper standards and procedures

5

for setting up mobile homes under winter conditions; the procedures Fisher used in setting up Stewarts' mobile home; and the prevailing weather conditions. After being presented with the evidence at trial, the jury found in favor of Fisher.

The Stewarts argue that the uncontradicted testimony establishes that at least a portion of the lot onto which the Stewarts' mobile home was moved was still covered with ice after it had been plowed and that Fisher was aware of this fact; that it is a violation of accepted standards and procedures to set foundation blocks on top of ice rather than clearing out the ice and setting the foundation block on the ground; and that at least two of the foundation blocks were set on ice. However, testimony was also presented that the mobile home would not have fallen off its foundation blocks when only two of the foundation blocks were set on ice. The evidence also establishes that the lot where the mobile home was to be placed was not covered entirely with ice, but that the ice was only located in spots. Thus, the jury could have determined that only two of the foundation blocks were set on ice and that therefore Fisher acted as a reasonably prudent and skillful contractor when only two of the nine foundation blocks were placed on ice.

As we have previously held, the evidence may be inherently weak and still be considered substantial and the credibility and weight given to conflicting evidence is within the jury's province. Wheeler, 757 P.2d at 347, 45 St.Rep. at 1176. We therefore hold that substantial credible evidence exists to support the jury verdict and that therefore the Stewarts were not entitled, as a matter of law, to judgment on the issue of defendant's liability for negligence.

The last issue raised on appeal is whether the District Court erred in not granting the plaintiffs' motion in limine

6

which sought to preclude the defendant's mention at trial of a collateral source of insurance.

The Stewarts' presented the court with a motion in limine during pretrial conference, seeking to preclude the defendant's mention at trial of a collateral source of insurance. The District Court reserved ruling on this motion. The Stewarts did not request a ruling on this motion before the case went to trial, but more importantly, the Stewarts did not object, nor present the District Court with any motions for mistrial or to strike the alleged testimony when insurance was first mentioned by the defendant at the trial. Failure to object or request corrective action after the mentioning of insurance by the defendant constitutes a waiver of objection on this issue. Rasmussen v. Sibert (1969), 153 Mont. 286, 295, 456 P.2d 835, 840.

We therefore hold that this issue is not properly before this Court as a result of the Stewarts' failure to object at the time when insurance was first mentioned during the trial.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7