MR. JUSTICE SHEEHY,
concurring specially:
“26-1-201. Questions of law. Except as provided in Art. II, section 7, [liable or slander] of the Montana Constitution, all questions of law, including the admissibility of testimony, the facts preliminary to such admission, the construction of statutes and other writings, and other rules of evidence, must be decided by the court. (Emphasis added.)
“26-1-202. Questions of fact. If a trial is by jury, all questions of fact other than those mentioned in 26-1-201 must be decided by the jury, and all evidence must be addressed to them, except as otherwise provided by law ...”
There is a curious ambivalence in the dissent. The dissenters, dissatisfied with the finding of the majority that this case did not involve a demand note, now contend that whether it was a demand note is a question of fact for the jury. The “construction” or legal effect of the writing as to a demand note here is a question of law, wholly to be determined by the court. The dissenters want a jury to decide this question of law.
The recitation in the dissent of the alleged financial problems of NLL ignores the conflicting evidence, some of which is catalogued in the majority opinion, and particularly ignores the appellate rule that where there is conflicting evidence in the record, the credibility and weight to be given the evidence is in the premise of the jury and not the Supreme Court, Anderson v. Jacqueth (1983), 205 Mont. 493, 668 P.2d 1063, and that in examining the sufficiency of the evidence, the reviewer thereof will do so in a light most favorable to the prevailing party, presuming that the jury findings are correct. Gilmore v. Mulvihill (1940), 109 Mont. 601, 98 P.2d 335. The decision on questions of fact based on conflicting evidence is peculiarly within *39 the province of the jury. The dissent wants questions of fact to be decided by the court.
The very heart of NLL’s case against the Bank is that the instrument in question was not a demand note. Recognizing this, the dissenters, giving no regard to the language of the note, the decisions of courts interpreting that exact language, and the provisions of the Uniform Commercial Code persist in calling the instrument here a demand note.
It is clear that the instrument, a copy of which is affixed to the majority opinion, does not fit the definition of a demand instrument in § 30-3-108, MCA.
It is equally clear that the instrument in question fits the definition of an instrument payable at a definite time:
“30-3-109. Definite time. (1) An instrument is payable at a definite time if by its terms it is payable:
“(a) on or before a stated date or at a fixed period after a stated date; or
“(b) at a fixed period after sight; or
“(c) at a definite time subject to any acceleration; or .. . (Emphasis added.)”
The instrument at bar is clearly a note payable at a definite time under the foregoing definition. It contains a stated date when it is due and that definite time is subject to an acceleration by the Bank, by making a demand.
Typewritten into the note are the due date “10-4-83,” and the figures “120,” setting the days after the date of the note when it is payable if no demand is made. The dissenters claim that the note is ambiguous. Yet, if it were ambiguous, under the UCC, handwritten terms control typewritten and printed terms, and typewritten control printed. Section 30-3-118(b), MCA.
The dissenters ignore the language contained in the note, “upon default, the bank may declare the entire unpaid principal and accrued interest immediately due, without notice, and borrower must then pay that amount.” An acceleration clause is completely inconsistent with a demand instrument.
Because this instrument provides that “if no demand is made, borrower shall pay 120 days after the date of this note” by the very terms of the note, an actual demand is necessary to mature the promissory note. Peterson v. Valley National Bank of Phoenix (1967), 102 Ariz. 434, 432 P.2d 446, 451. Additional authority construing such instruments as not to be demand notes may be found *40 in Shaughnessy v. Mark Twain State Bank (Mo. App. 1986), 715 S.W.2d 944, 951-52. That case also cites Reese v. Fort Missouri Bank and Trust Company (Mo. App. 1983), 664 S.W.2d 530.
The weakness of the dissenter’s position as to the nature of this note is shown in its discussion of the language of the note which calls for an increase in interest upon default. Their cited cases indicate that such a provision means that an actual demand is necessary. It sounds paradoxical, but if an actual demand is necessary, the instrument is no longer a demand note. A cause of action against a maker of a demand instrument accrues upon its date, and no further demand is necessary. Section 30-3-122, MCA.
I interpose this special concurrence because otherwise the assertions in the dissent might go unchallenged.